166 So.2d 616 (1964)
Bernice ZEAGLER, Appellant,
v.
COMMERCIAL UNION INSURANCE COMPANY OF NEW YORK, a corporation, Appellee.
No. 63-604.
District Court of Appeal of Florida. Third District.
July 28, 1964.
Rehearing Denied August 18, 1964.
Smith & Mandina, Miami, for appellant.
Knight, Smith, Underwood & Peters, Miami, for appellee.
Before BARKDULL, C.J., and HORTON and TILLMAN PEARSON, JJ.
BARKDULL, Chief Judge.
The appellant, defendant in the trial court, seeks review of certain "declarations of rights" adjudicated by the chancellor relative to the uninsured motorist coverage contained in an automobile insurance policy.
The record reveals the following facts: The appellee issued its Family Combination Policy to Wendell Ralph Zeagler, deceased, insuring him against uninsured motorists. On July 2, 1962, he was killed in an autobile accident with an uninsured motorist. The appellant asserted her claim as widow of the deceased [not as administratrix under the survival statute] under the wrongful death statute, §§ 768.01, 768.02, Fla. Stat., F.S.A., and made demand for arbitration pursuant to the terms of the policy. The appellee challenged the jurisdiction of the arbitrator and instituted the declaratory action seeking adjudication that the arbitrator had no jurisdiction and that the appellant's claim was not within the scope of coverage provided by the policy. Issue was joined, and the appellee moved *617 for a judgment on the pleadings. After considering the pleadings and hearing argument of counsel for the respective parties, the chancellor entered the order appealed, finding: (1) The American Arbitration Association, or any arbitrator designated by said association, had no jurisdiction to determine the question of coverage as between the parties herein. (2) The appellant had no right to bring an action against the appellee under §§ 768.01, 768.02, Fla. Stat., F.S.A., as the right for damages under the wrongful death statute vests in the appellant individually and not as the legal representative of the deceased. (4) The appellee is under no duty to pay the appellant any sums she may legally be entitled to recover under the wrongful death statute. (5) The trial court stayed all arbitration proceedings in the cause.
The appellant urges, as points on appeal, that the chancellor erred in entering the order appealed in that: (1) The provision to arbitrate found in the uninsured motorist's clause of the automobile policy encompasses disagreements as to coverage, as well as disagreements as to the amount of a claim. (2) Under the terms of the policy, the appellant is entitled to recover under the uninsured motorist clause for the wrongful death of her husband caused by an uninsured motorist.
As to the first point, this was answered adversely to the appellant in the recent case of Cruger v. Allstate Insurance Company, Fla.App. 1964, 162 So.2d 690. As to the second point, the right of action for wrongful death being one that does not survive to the legal representative of the deceased but is one that is possessed solely by statutory right in the surviving widow and children, etc., [See: §§ 768.01, 768.02, Fla. Stat., F.S.A.] there does appear to be a right of action for wrongful death covered by the terms of the uninsured provisions of the policy.[1]
The protection against personal injury or death, as a result of an accident involving an uninsured motorist, was included in insurance policies because of the adoption of what is now known as § 627.0851, Fla. Stat. (1963), F.S.A., which is the successor to Ch. 61-175, of the Laws of 1961, wherein the Legislature specifically provided that all automobile liability insurance policies shall include [under the provisions of their coverage] insurance indemnifying the insured for damages arising out of an accident with an uninsured motorist because of "bodily injury, sickness or disease, including death, resulting therefrom; * *" [emphasis added]. See: § 627.0851(1) Fla. Stat., F.S.A. Therefore, it would appear that it was the intention of the Legislature [in requiring insurance companies to provide uninsured motorist coverage] that recovery be had for wrongful death and, in view of the provisions of Ch. 768, Fla. Stat., F.S.A., all parties having a right to recover upon a wrongful death were to have a protection under the statute. Obviously §§ 627.0851(1) and 768.02, Fla. Stat., F.S.A., must be read together, and the insurance company was without power [in its policy] to limit its liability required by the statute, which imposed upon it the obligation to include coverage against injury or death by an uninsured motorist.
Under § 768.02, Fla. Stat., F.S.A., a wrongful death action cannot be maintained by the legal representative of the deceased if, at the time of death, the deceased had a living spouse or other dependents. The right is possessed only by her or the other dependents. Insurance policies are generally construed liberally in favor of coverage. *618 See: National Casualty Co. v. General Motors Acceptance Corp., Fla.App. 1964, 161 So.2d 848. The purpose of the wrongful death provision is obviously to protect the insured's family. Under the appellee's theory the plaintiff-appellant cannot maintain an action even though a surviving spouse, and contends that only a legal representative could prosecute same. To follow this reasoning to a logical conclusion, if all classes enumerated in § 768.02, Fla. Stat., F.S.A., were deceased at the time of the wrongful death, then the claim would revert to the legal representative which, in effect, would permit collection only subsequent to all the prior classes referred to in the statute [for whose benefit same was enacted] had become extinct. We refuse to adopt this reasoning and specifically hold that the surviving spouse has a right to recover for the wrongful death of the insured which was occasioned by the wrongful activity of an uninsured motorist.
The action of the chancellor in determining, first, that questions of coverage are not within the purview of the arbitration proceedings is affirmed, but that portion of his decree that an action for wrongful death was not encompassed within the terms of the policy is hereby reversed. The chancellor pointed out in his decree that he did not pass upon the constitutionality of the Florida Arbitration Code, and neither is this opinion to be considered as passing upon the validity of those features of the arbitration code relative to uninsured motorists, the same as indicated in Cruger v. Allstate Insurance Company, supra.
Therefore, the final decree under review is affirmed in part and reversed in part, with directions to the chancellor to further consider this matter in light of this opinion.
Affirmed in part; reversed in part, with directions.
HORTON, Judge (concurring in part and dissenting in part).
I concur in the majority holding that the trial judge was correct in determining that arbitration did not include a determination of the question of coverage as between the parties. However, I respectfully dissent from that portion of the opinion which concludes that appellant, the surviving widow of the decedent, has a right of action on the policy under the wrongful death statute, §§ 768.01-768.02, Fla. Stat., F.S.A.
My basic difference with the majority view on the second conclusion is that the policy itself provides, under the uninsured motorist coverage, that the insurer will pay " * * * all sums which the insured or his legal representative shall be entitled * * * as damages * * * because of bodily injury * * * including death * * * sustained by the insured, caused by accident, etc. * * *" Policies of insurance are governed by the same general rules applicable to the construction of other contracts. The courts, over a period of time, have, when faced with ambiguities or inconsistencies in the provisions of a contract of insurance, resolved the doubt in favor of the insured. However, I am unaware of any decision which has engrafted onto an undertaking in an insurance contract an obligation to make payment in the event of loss to someone other than a party or parties designated in the contract or their privies. The conclusion that the surviving widow by her statutorily established rights under the wrongful death statute, could sue and recover under this policy constitutes in my view the court rewriting the policy of insurance.
There is another reason why I differ with the majority's conclusion on the second point. The "uninsured motorist" coverage is an involuntary legislative imposition of liability upon the insurer. We are now expanding that liability by judicial fiat to include the statutory claim of the surviving widow under the wrongful death statute. The two rights are not synonymous; one arises out of contract, the other was created by statute. The widow is not being deprived of her rights under the wrongful death statute because regardless of the provisions of the policy, her rights *619 are still existent against the uninsured motorist who occasioned her loss.
I think the court has by this decision effected a novation of the contract. I would affirm the trial judge in all respects.
NOTES
[1] "Coverage J  Uninsured Motorists (Damages for Bodily Injury): To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called `bodily injury' sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; * * *".