172 So.2d 485 (1965)
Mary Ann DAVIS, Appellant,
v.
UNITED STATES FIDELITY & GUARANTY COMPANY OF BALTIMORE, MARYLAND, Appellee.
No. F-307.
District Court of Appeal of Florida. First District.
March 9, 1965.
Levin, Askew & Warfield, Pensacola, for appellant.
Beggs, Lane, Daniel, Gaines & Davis, Pensacola, for appellee.
RAWLS, Judge.
Plaintiff Davis filed an amended complaint in which she sought declaratory relief as to her rights under the uninsured motorist coverage portion of a policy issued by the defendant company and an interpretation of § 627.0851, Florida Statutes, F.S.A. She appealed from the trial judge's order dismissing her amended complaint without privilege to amend.
The sole question presented concerns the right of plaintiff, a widow, to seek a recovery *486 under the uninsured motorists coverage for damages for the wrongful death of her husband.
Essential facts alleged are: Plaintiff and her husband were residents in the household of her father, Silvio A. Marini, who had entered into a contract of insurance with defendant; that said contract provided among other things "family protection insurance" (otherwise known as uninsured motorist coverage); that her husband was wrongfully killed while riding as a passenger in an uninsured automobile; that defendant has disregarded her request for payment even though an agent of the company acting within the scope of his duties represented that family protection coverage was "the same as putting liability insurance on the uninsured vehicle"; and that Section 627.0851 must be construed with the policy in question.
The trial judge in granting defendant's motion to dismiss without leave to amend held that the policy by reason of the definition of "insured" excluded recovery for wrongful death of a widow who is the only person that can maintain the action under § 768.01, Florida Statutes, F.S.A., although an action by a personal representative was covered and decedent, had he survived, could have sued for bodily injury.
Pertinent provisions of the policy are:
"Coverage G  Family Protection (Damages for Bodily Injury)
"To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called `bodily injury,' sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile. * * *
"`Insured' means:
"(a) the Named Insured and any relative;
"(b) any other person while occupying an insured automobile and
"(c) any person with respect to damages he is entitled to recover for care or loss of services because of bodily injury to which this coverage applies.
* * * * * *
"`relative' means a relative of the Named Insured who is a resident of the same household." (Emphases supplied)
Plaintiff is an insured within the terms of the policy since she alleged that she is the daughter of the named insured, and was a resident of her father's household at the time of the accident. Defendant insurer insists that even though she be an insured, the policy coverage extends only to the insured who sustained bodily injury, or in the case of death, to decedent's personal representative.
The cited statute requiring that protection against uninsured motorist be provided in all automobile liability insurance policies issued in this state, unless written notice declining such coverage be given by the insured, established the public policy of this state to be that every insured, within the definition of that term as defined in the policy, is entitled to recover under the policy for the damages he or she would have been able to recover against the offending motorist if that motorist had maintained a policy of liability insurance. It is our view that when the insurance company inserted the limiting words "sustained by the insured" under Coverage G entitled "Family Protection (Damages for Bodily Injury)" in the policy issued in this case it sought to restrict the coverage afforded by the policy in a manner contrary to the intent of the statute. It necessarily follows that the restrictive *487 language inserted in the insurance policy being considered has the effect of defeating the purpose and intent of the statute and must be considered nugatory and of no effect.
In Zeagler v. Commercial Union Insurance Co. of New York,[1] the Third District Court of Appeal in considering the identical question here presented reached the above conclusion. We concur with the majority opinion authored by Chief Judge Barkdull and quote with approval the following portion thereof:
"The protection against personal injury or death, as a result of an accident involving an uninsured motorist, was included in insurance policies because of the adoption of what is now known as § 627.0851, Fla. Stat. (1963), F.S.A., which is the successor to Ch. 61-175, of the Laws of 1961, wherein the Legislature specifically provided that all automobile liability insurance policies shall include [under the provisions of their coverage] insurance indemnifying the insured for damages arising out of an accident with an uninsured motorist because of `bodily injury, sickness or disease, including death, resulting therefrom; * * *' [emphasis added]. See: § 627.0851(1) Fla. Stat., F.S.A. Therefore, it would appear that it was the intention of the Legislature [in requiring insurance companies to provide uninsured motorist coverage] that recovery be had for wrongful death and, in view of the provisions of Ch. 768, Fla. Stat., F.S.A., all parties having a right to recover upon a wrongful death were to have a protection under the statute. Obviously §§ 627.0851(1) and 768.02, Fla. Stat., F.S.A., must be read together, and the insurance company was without power [in its policy] to limit its liability required by the statute, which imposed upon it the obligation to include coverage against injury or death by an uninsured motorist."
In all fairness to the trial judge in this cause, the Zeagler case was decided and reported subsequent to the entry of his order.
For the reasons hereinabove stated, the cause is reversed with directions to the trial court to re-instate the amended complaint and for further proceedings consistent with the foregoing conclusions.
Reversed and remanded with directions.
STURGIS, C.J., and CARROLL, DONALD K., J., concur.
NOTES
[1] Zeagler v. Commercial Union Insurance Co. of New York, 166 So.2d 616 (Fla.App.3d, 1964).