292 So.2d 67 (1974)
CAVALIER INSURANCE CORPORATION, Appellant,
v.
Mary A. BAILEY et al., Appellees.
No. 73-734.
District Court of Appeal of Florida, Third District.
March 26, 1974.
*68 Wolff, Gora & Courtney, Fort Lauderdale, for appellant.
Wolfson, Diamond & Harrington and Joe N. Unger, Miami Beach, for appellees.
Before CARROLL and HAVERFIELD, JJ., and MOORE, JOHN H., II, Associate Judge.
PER CURIAM.
This appeal arises from an action brought by Cavalier Insurance Corporation seeking a declaratory judgment determining its rights under an automobile insurance policy and an injunction to stay arbitration proceedings.
Mary Bailey, the minor daughter of John H. Bailey, while operating a 1967 Mercury Cougar titled in the name of her father, became involved in an automobile accident with an uninsured motorist on November 29, 1970. John Bailey was the name insured under a policy issued by Cavalier Insurance Corporation on a 1968 Ford also owned by him. His daughter, Mary, who had been living for approximately 1 1/2 years prior to the accident with her mother who was divorced from John Bailey, made a claim against Cavalier for damages under the uninsured motorist coverage provision of her father's policy on the 1968 Ford. Cavalier, taking the position that Mary was not an insured and not a resident of Mr. Bailey's household, instituted the instant suit to determine coverage and to stop arbitration proceedings. Both parties moved for summary judgment which the trial court granted in favor of the defendants Mary and John Bailey and upon oral motion, granted them attorney's fees.
The plaintiff-appellant insurance company contends that the trial court erred in finding that a named insured's relative who does not live in the same household as the named insured, may recover for injuries sustained as a result of an accident with an uninsured motorist while driving an automobile which was owned by the named insured, but not listed on the insurance policy. We find merit in this contention.
The insurance policy issued by appellant Cavalier Insurance Corporation to the father, John Bailey, provided uninsured motorist coverage and described the following persons as insured under the policy:
"`Insured' means:
"(a) the named insured and any relative;"
In part I of the policy relative is defined as follows:
"`relative' means a relative of the name insured who is a resident of the same household;"
Reading parts I and IV together, we find that John's daughter, Mary, who was residing in a separate household with her mother, is not entitled to the uninsured motorist provision of the instant policy. Cf. Griffin v. General Guaranty Insurance Company, Fla.App. 1971, 254 So.2d 574. The fine print of the insurance policy in the case sub judice plainly and with certainty "brings home" in unambiguous language *69 to the insured that the word "relative" is limited to only those relatives who reside in the same household as the named insured. See Salas v. Liberty Mutual Fire Insurance Company, Fla. 1972, 272 So.2d 1, at 4.
Accordingly, we reverse the summary judgment entered in favor of defendant-appellees and remand with directions to the trial court to (1) enter judgment in favor of the appellant insurance company, (2) grant appellant an injunction staying arbitration proceedings, and (3) vacate its order reserving jurisdiction to award such costs and attorney's fees to the defendants which it deems reasonable upon proper application.
Reversed and remanded with directions.