512 So.2d 971 (1987)
Janet WEBSTER, As Personal Representative of the Estate of Christopher Baine Manniel, Deceased, Appellant,
v.
VALIANT INSURANCE COMPANY, Appellee.
No. 86-1631.
District Court of Appeal of Florida, Fifth District.
July 30, 1987.
Rehearing Denied September 14, 1987.
*972 Paul Bernardini, of LaRue, Bernardini, Seitz & Berg, Daytona Beach, for appellant.
Jonathan C. Hollingshead, of Fisher, Rushmer, Werrenrath, Keiner, Wack & Dickson, P.A., Orlando, for appellee.
SHARP, Judge.
Janet Webster, personal representative of Christopher Manniel, her deceased 22 year old son, appeals from an order dismissing her petition to compel Valiant Insurance Company to arbitrate her claim under the uninsured motorist provisions of an insurance policy issued by Valiant to Clyde Manniel, Christopher's father. Because Christopher was not a resident of his father's household at the time of the accident which resulted in his death, the trial court held that Christopher was not covered under Valiant's policy, and therefore Webster's petition should be dismissed. We reverse.
Janet and Clyde had divorced, and at the time of the automobile accident involving an uninsured motorist, Christopher had been living with his mother. Valiant's policy contains the typical limitation common for such policies, restricting uninsured motorist coverage to relatives of the insured only if they are members of the insured's household. Janet's suit in this case was brought under The Florida Wrongful Death Act,[1] and under the act, Clyde, Valiant's insured, has an independent claim for damages against the tortfeasor who killed his son.
Valiant's policy contains two provisions which purport to exclude Clyde's wrongful death claims from uninsured motorist coverage:
We will pay damages for bodily injury sustained by a covered person and caused by an accident, which that covered person is legally entitled to recover from the owner or operator of an ... uninsured motor vehicle... . (Emphasis supplied).
We will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury:

1. Sustained by a covered person; and
2. Caused by an accident (emphasis supplied).
Both of these provisions require that the bodily injury resulting in damages be sustained by, or inflicted upon the insured or a "covered person." Clearly, Christopher was not an insured nor was he covered by Valiant's policy because he was not a member of his father's household.
Valiant argues that American Security Insurance Company v. Van Hoose, 416 So.2d 1273 (Fla. 5th DCA 1982) is controlling authority in this case.[2] In the Van Hoose case a mother and daughter were injured by an uninsured motorist while they were passengers in a truck. They sought coverage under the father's policy which provided uninsured motorist protection for relatives of the father's household. Neither were residents of the father's household, so coverage was denied.
However, Van Hoose is distinguishable from this case because the claim being asserted here is one for wrongful death, and the insured in this case is a "survivor" as defined in sections 768.18(1) & (2), Fla. Stat. (1984) and is entitled to recover various kinds of damages[3] in his own right. The issue in this case is therefore whether an insurance company can restrict uninsured *973 motorist coverage to damages flowing from bodily injuries suffered by the insured or a covered person.
It is the established public policy of Florida that all automobile liability insurance policies must offer uninsured motorist protection as broad as section 627.727(1), Florida Statutes (1984) requires. Any attempt by insurance companies to restrict or limit uninsured motorist coverage by language in their policies will be disregarded and held void, of no effect, and against the public policy of this state. Salas v. Liberty Mutual Fire Insurance Co., 272 So.2d 1 (Fla. 1972).
Section 627.727(1) mandates that uninsured motorist coverage be provided "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motorist vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom." (Emphasis supplied). The statute does not mandate that an insured is protected only for damages inflicted by an uninsured motorist if he is personally injured,[4] or if a covered person is injured. The statute says an insured should be able to recover any damages for which a tortfeasor would be legally responsible to that insured.
Here, the insured's father has a claim under the Florida Wrongful Death Statute for the demise of his son, caused by an uninsured driver, albeit necessarily brought by the child's personal representative.[5] The Florida Wrongful Death Act creates a cause of action separate and distinct from that which the deceased child could have maintained had he survived.[6] Mention in the uninsured motorist statute of recovery for injuries resulting in death clearly shows wrongful death actions were intended to be encompassed in the mandated coverage for uninsured motorists.[7]
Uninsured motorist coverage in the context of this case  a named insured seeking recovery for the wrongful death of a not covered child  appears to be a question of first impression in Florida. The result we reach, however, is consistent with Florida's public policy and cases on related issues. See Salas v. Liberty Mutual Life Insurance Company, 272 So.2d at 5 and Davis v. U.S. Fidelity & Guaranty Company of Baltimore, Maryland, 172 So.2d 485, 486-7 (Fla. 1st DCA 1965). Further, it is consistent with the weight of authority in other jurisdictions with similar statutes.[8]
We hold that the language in Valiant's policy which requires the insured or a "covered person" to suffer "bodily injury" giving rise to the damage claim, is void and contrary to Florida public policy. Valiant's policy may not provide less coverage than mandated by Florida's uninsured motorist statute. Clyde, the insured under Valiant's policy, has uninsured motorist coverage for damages which he could recover as a "survivor" under the wrongful death statute for the death of his son caused by the tortious acts of an uninsured motorist. This cause of action is encompassed in Webster's suit against Valiant, which was erroneously dismissed. We therefore reverse the appealed order and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
UPCHURCH, C.J., and COBB, J., concur.
NOTES
[1] The Florida Wrongful Death Act encompasses sections 768.16 through 768.27.
[2] See also Cavalier Ins. Corp. v. Bailey, 292 So.2d 67 (Fla. 3rd DCA 1974).
[3] See Section 768.21(1) loss of support and services, (4) mental pain and suffering, and (5) medical and funeral expenses, Fla. Stat. (1984).
[4] Davis v. U.S. Fidelity & Guar. Co. of Baltimore, Maryland, 172 So.2d 485 (Fla. 1st DCA 1965).
[5] § 768.20, Fla. Stat. (1984).
[6] Nissan Motor Co., Ltd. v. Phlieger, 508 So.2d 713 (Fla. 1987).
[7] Cf. Davis v. U.S. Fidelity & Guar. Co., supra; Zeagler v. Commercial Union Ins. Co. of New York, 166 So.2d 616 (Fla. 3rd DCA 1964), cert. discharged, 172 So.2d 450 (Fla. 1965).
[8] 26 A.L.R.3d 919, 939 (1966); see e.g., Sexton v. State Farm Mut. Auto Ins. Co., 69 Ohio St.2d 431, 433 N.E.2d 555 (1982); State Farm Mut. Auto Ins. Co. v. Selders, 187 Neb. 342, 190 N.W.2d 789 (1971).