GLICKSTEIN, Judge.
This appeal involves a very similar problem to that considered by the Fifth District Court of Appeal in Webster v. Valiant Insurance Company, 512 So.2d 971 (Fla. 5th DCA 1987), which decision both parties have called to our attention and with which decision we concur. The bench and bar’s attention is directed to it and the cases from other jurisdictions cited therein.
In the present case, appellee filed a complaint seeking declaratory judgment to establish entitlement to recovery under her uninsured motorist (UM) coverage for the wrongful death of her twenty-three year old son, William, and demanding damages for breach of contract by the insurer, for failure to pay UM benefits. The defendant/appellant, United States Fidelity and Guaranty Company, answered, admitting the existence of the insurance policy, but denying appellee’s entitlement to benefits under the UM coverage, because the decedent was not a covered person within the terms of the policy.
Both parties moved for summary judgment and submitted supporting memoranda of law. The trial court ultimately granted the insurer’s motion, but on plaintiff’s motion for rehearing vacated that order and *123 granted the plaintiff/appellee’s motion.[1] This appeal by the insurer followed. We affirm.
The insurer had refused to entertain ap-pellee’s claim for her son’s wrongful death because, it said, he was not covered by the insurance contract. Defendant’s son was not a member of his mother’s household at the time of the accident; rather, he lived with his father. In the uninsured motorist portion of appellee’s policy is stated that the insurer “will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury: 1. Sustained by a covered person; and 2. Caused by an accident.” Elsewhere in the policy “covered person” is defined as “you [which refers to the named insured] or any family member,” and family “member” is defined as “a person related to you by blood, marriage or adoption who is a resident of your household.”
Appellee, the named insured in the subject policy, maintains that at the time of the accident her late son was a minor within the meaning of section 768.21(4), Florida Statutes (1988), and that she is the person insured under the policy in the context of section 627.727, Florida Statutes (1983); and that therefore she has a cause of action against an uninsured motorist under the wrongful death statute and thus against the insurer. “Minor children” as defined in section 768.18(2), Florida Statutes (1983), means children under age twenty-five.
The heart of appellee’s argument is that because of the provisions of section 627.-727, Florida Statutes (1983), a UM policy may not require that the person sustaining bodily injury be an insured for the benefits of the UM coverage to be available. She says that in terms of the wrongful death statute William was her minor child and she should be able to get UM benefits in the circumstances.
The language of the statute that she claims the policy language fails to conform to is that which states there must be available in the liability policy or supplementally thereto UM vehicle coverage “for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom.” § 627.727(1), Fla.Stat. (1983). She says the statute does not require the covered person who is legally entitled to recover damages from the uninsured motorist to be the person who sustained the injury or died as a result of the accident. Since the wrongful death statute would give her a cause of action against the uninsured motorist (at least if she sued as personal representative of William’s estate), she thinks she should be able to claim against appellant, who sold her coverage to fill the breach of uninsured motorists’ lack of coverage. She cites cases that explain the object of the uninsured motorist statute to be to enable an insured to recover that which the insured could recover if the tort-feasor were insured. State Farm Mutual Insurance Company v. Jenkins, 370 So.2d 1201 (Fla. 1st DCA 1979); Government Employees Insurance Company v. Graff, 327 So.2d 88 (Fla. 1st DCA 1976). She reads the words “or damaged” in the following excerpt from Brown v. Progressive Mutual Insurance Company, 249 So.2d 429, 430 (Fla.1971), as referring to the harm done one person by injury to another:
The purpose of the uninsured motorist statute is to protect persons who are injured or damaged by other motorists who in turn are not insured and cannot make whole the injured party.
The same language about persons being injured or damaged is used in State Farm Mutual Automobile Insurance Company v. Diem, 358 So.2d 39, 41 (Fla. 3d DCA 1978). Both opinions indicate the object of the UM coverage requirement is not to protect the insurer or the uninsured motorist.
Appellee bolsters her argument by reference to two rather early cases. In Davis v. United States Fidelity & Guaranty Co., 172 So.2d 485 (Fla. 1st DCA 1965), a widow *124 sought to recover under the uninsured motorist coverage of her father’s auto liability policy for damages arising from the wrongful death of her husband in an accident which occurred when the decedent was a passenger in an uninsured automobile. The policy provided coverage for family members who were residents of the named insured’s household. The particular UM coverage provided that the insurer would pay all sums the insured or his legal representative would be legally entitled to from the owner or operator of an uninsured automobile because of “ ‘bodily injury’, sustained by the insured” (emphasis omitted) and caused by the accident. The insurer granted that plaintiff was an insured but contended that plaintiff had herself to have sustained the bodily injury himself or had to be the decedent’s personal representative to collect under the UM coverage. At the time the wrongful death statute permitted survivors to bring a wrongful death action in their own behalf, and the personal representative could not file a claim if there were survivors.
The trial court in Davis granted the insurer’s motion to dismiss without leave to amend, accepting the insurer’s reasoning. The appellate court reversed. It said that by inserting the limiting words “sustained by the insured” in the UM coverage the insurer sought to restrict the coverage afforded in a way the UM statute did not countenance. This language was held to be nugatory and of no effect. Id. at 486-87.
The Davis court cited with approval the case of Zeagler v. Commercial Union Insurance Company, 166 So.2d 616 (Fla. 3d DCA 1964). There the reviewing court held that since the then existing UM statute explicitly provided for coverage of damages for wrongful death, “all parties having a right to recover upon a wrongful death were to have a protection under the statute.” Id. at 617. Accordingly, the insurer lacked power to limit its liability required by the statute. In Zeagler a widow brought an action against her UM carrier in her own right and not as personal representative. Her husband was the named insured under the “Family Combination Policy” insuring him against uninsured motorists. The appellate court held that the wife’s action for wrongful death was encompassed within the terms of the policy.
Appellee urges that there is no significance to the fact that here it is the mother of a deceased minor who is seeking to maintain the action, rather than a surviving spouse, or to the fact that the decedent was not himself an insured under the UM coverage. She claims she, the named insured, suffered damages by virtue of William’s death, and should therefore be able to maintain an action under the policy. We agree.
The policy in Webster contained the same limitation as the policy here — relatives of the named insured were covered only if members of the named insured’s household. Mrs. Webster brought suit under the wrongful death statute.
The language of Valiant’s policy respecting bodily injury claims is identical to that of the policy here: The company undertakes to pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury that was sustained by a covered person and caused by an accident.
The trial court dismissed Mrs. Webster’s petition to compel arbitration of her claim, holding that the decedent was not covered under the UM policy. The Fifth District Court of Appeal reversed.
Survivors of a minor child may recover the value of lost support and services from the date of the decedent’s injury to his death and future loss of support and services, calculated according to rather specific guidelines and qualified according to the relationship of survivor to decedent. A parent of a minor child may recover for mental pain and suffering from the date of injury. A survivor who paid medical or funeral expenses due to decedent’s injury or death may claim these. § 768.21, Fla. Stat.
We hold that Davis and Webster logically support the idea that the insured surviving parent was intended to be able to look to *125 the UM coverage to be made whole for damages inflicted on him/her by the uninsured motorist. The wrongful death statute states it is public policy to shift losses in the event of a wrongful death from decedent’s survivors to the wrongdoer. § 768.17, Fla.Stat. The object of the UM statute has been found to be to give the insured the same protection, when injured as a result of an accident caused by an uninsured motorist, as he would have had, had a standard liability policy been in place. An insurance policy purporting to comply with the UM statute must not frustrate the statute’s object. Therefore, the language in the instant policy which attempts to limit the insurer’s liability to damages incurred by a covered person because of bodily injury solely to covered persons should be regarded as nugatory.
On the other hand, we also conclude that to read UM coverage so broadly as to cover losses to the minor child himself who is not a member of the insured’s household is not reasonable. This would include claims that represent the decedent’s own losses which ordinarily may be raised on behalf of the estate under the wrongful death statute, including lost earnings during the interval between injury and death, and the loss of prospective net estate accumulations, and medical or funeral expenses charged against the estate. § 768.21(6).
Accordingly, we affirm. The mother may proceed individually, as she was a party to the uninsured motorists insurance contract, and need not pursue her remedy under the wrongful death statute.
HERSEY, C.J., and DELL, J., concur.

. The trial court had originally granted both parties’ motions for summary judgment.