BEVERLY, V.Q., Associate Judge.
The appellants filed a wrongful death action to recover damages through the underinsured provisions of an automobile liability policy issued by appellee. The trial *1010 court concluded that the decedent did not qualify as an insured under the provisions of the policy and granted Liberty Mutual’s motion for summary judgment. This appeal ensued.
Subsequent to entry of the final summary judgment, this court rendered its opinion in Webster v. Valiant Insurance Company, 512 So.2d 971 (Fla. 5th DCA 1987). We conclude that the Webster opinion controls the issue raised by this appeal and thus reverse.
The instant case involves the claim of Rachel, survivor of a decedent who was killed in an automobile accident. Liberty Mutual insured Rachel’s grandmother with a policy that included underinsured motorist coverage. Rachel was an unborn child at the time of the accident, conceived by the decedent prior to the accident. Helen, Rachel’s mother, lived with the insured, Helen’s mother and Rachel’s grandmother at the time of the accident. The deceased likewise was residing with his parents when the accident occurred. Paternity is not an issue for the purpose of the summary judgment proceeding. The deceased was neither a named insured nor a resident relative of the named insured. The under-insured provisions of the policy state:
We will pay damages for bodily injury sustained by a covered person and caused by an accident, which the covered person is legally entitled to recover from the owner or the operator of an uninsured or an underinsured motor vehicle.
Rachel was a covered person for purposes of bodily injury to her.
Section 627.727(1), Florida Statutes (1983) provides in part as follows:
No motor vehicle liability insurance policy shall be delivered or issued for delivery in this state ... unless uninsured motor vehicle coverage is provided therein ... for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom. (Emphasis added).
This Court held in Webster:
The statute says an insured should be able to recover any damages for which a tortfeasor would be legally responsible to that insured. (Emphasis in original).
[[Image here]]
Mention in the uninsured motorist statute of recovery for injuries resulting in death clearly shows wrongful death actions were intended to be encompassed in the mandated coverage for uninsured motorists.
[[Image here]]
[The] policy which requires the insured or a “covered person” to suffer “bodily injury” giving rise to the damage claim, is void and contrary to Florida public policy.
Id. at 973. See also, U.S. Fidelity & Guaranty v. Fitzgerald, 521 So.2d 122 (Fla. 4th DCA 1987); West American Insurance Co. v. Lovett, 519 So.2d 39, 40 n. 2 (Fla. 5th DCA 1987).
Rachel was an insured within the meaning of the policy, and has uninsured/under-insured motorist coverage as a “survivor” for the wrongful death of her father caused by the wrongful acts of an underin-sured motorist.
We therefore reverse the appealed Final Summary Judgment and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
DAUKSCH and COWART, JJ., concur.
BY ORDER OF THE COURT:
ORDERED that Appellee’s MOTION FOR REHEARING, filed June 3, 1988, is denied. However, Appellee’s ALTERNATIVE MOTION FOR CERTIFICATION is granted. Accordingly, the following is hereby certified to the Florida Supreme Court as a question of great public importance:
MAY A SURVIVOR, AS THAT TERM IS DEFINED IN THE FLORIDA *1011 WRONGFUL DEATH ACT, RECOVER FROM HIS OWN UNINSURED MOTORIST INSURANCE POLICY HIS DAMAGES WHERE THE DECEDENT IS NOT A COVERED PERSON UNDER THE POLICY?