567 So.2d 408 (1990)
VALIANT INSURANCE COMPANY, Petitioner,
v.
Janet WEBSTER, Etc., Respondent.
No. 71222.
Supreme Court of Florida.
July 26, 1990.
Rehearing Denied October 23, 1990.
*409 Jonathan C. Hollingshead of Fisher, Rushmer, Werrenrath, Keiner, Wack & Dickson, P.A., Orlando, for petitioner.
Paul A. Bernardini of LaRue, Bernardini, Seitz and Tresher, Daytona Beach, and Cynthia S. Tunnicliff of Carlton, Fields, Ward, Emmanuel, Smith, Cutler and Kent, P.A., Tallahassee, for respondent.
Betsy E. Gallagher of Kubicki, Bradley, Draper, Gallagher & McGrane, P.A., Miami, amicus curiae for State Farm Mut. Auto. Ins. Co.
GRIMES, Justice.
We review Webster v. Valiant Insurance Co., 512 So.2d 971 (Fla. 5th DCA 1987), based on conflict with Mullis v. State Farm Mutual Automobile Insurance Co., 252 So.2d 229 (Fla. 1971). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Christopher Manniel was a passenger in an automobile owned and operated by an uninsured motorist. The driver negligently operated the automobile causing it to leave the road and run into a tree. Christopher died from injuries suffered in the one-car accident. At the time of the accident, Christopher's parents, Janet Webster and Clyde Manniel, were divorced and Christopher was living with his mother.
Clyde Manniel had a standard automobile liability policy with Valiant Insurance Company (Valiant) when the accident occurred. The policy included uninsured motorist coverage. Manniel filed a claim to recover uninsured motorist benefits for damages as a survivor of his son's estate under the Florida Wrongful Death Act, sections 768.16-.27, Florida Statutes (1983). Valiant took no action on the claim.
Janet Webster, as personal representative of Christopher's estate, petitioned the trial court to compel Valiant to arbitrate the claim under the uninsured motorist provisions of Manniel's policy. Because Christopher did not reside with his father at the time of the accident, the trial court held that Christopher was not covered under the uninsured motorist provisions of Valiant's policy and dismissed the petition.
On appeal, Valiant argued that two of the uninsured motorist provisions contained in its policy excluded Manniel's wrongful death claims from uninsured motorist coverage:
We will pay damages for bodily injury sustained by a covered person and caused by an accident, which that covered person is legally entitled to recover from the owner or operator of an ... uninsured motor vehicle... .
We will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury:

1. Sustained by a covered person; and
2. Caused by an accident.
(Emphasis added.) The district court of appeal acknowledged that Christopher was not an insured or a covered person under Valiant's policy because he was not a member of his father's household and the policy contained a provision that only provided damages for bodily injuries sustained by the insured or a covered person. However, the court held that the insurance provisions in question were contrary to the requirements of section 627.727(1), Florida Statutes (Supp. 1984), and reversed the trial court's ruling.
Section 627.727(1) provides in pertinent part:
No motor vehicle liability insurance policy shall be delivered or issued for delivery in this state with respect to any specifically insured or identified motor vehicle registered or principally garaged in this state unless uninsured motor vehicle coverage is provided therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor *410 vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom.
All automobile insurance policies must offer uninsured motorist protection as broad as section 627.727(1) requires. Salas v. Liberty Mut. Fire Ins. Co., 272 So.2d 1 (Fla. 1972). Therefore, the question before us is whether the coverage claimed in this case was required by section 627.727(1). We answer the question in the negative.
In Mullis v. State Farm Mutual Automobile Insurance Co., 252 So.2d 229 (Fla. 1971), this Court explained that the persons for whom uninsured motorist coverage was required to be provided were the persons who were covered under the liability provisions of the automobile policy. Referring to the uninsured motorist statute (whose essential provisions remain unchanged today), the Court said:
This section provides that no automobile liability policy shall be issued with respect to any motor vehicle registered or garaged in Florida unless coverage is provided therein "in not less than the limits described in Section 324.021(7), F.S. * * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease * * *"
The "persons insured" thereunder in an automobile liability insurance policy as contemplated by F.S. chapter 324, F.S.A., the Financial Responsibility Law, ordinarily are: the owner or operator of an automobile, his spouse and other members of his family resident in his household and others occupying the insured automobile with the insured owner's permission. These insureds are protected by the policy from liability to others due to injuries they inflict by their negligent operation of the insured owner's automobile. Reciprocally, this same class of insureds is protected by uninsured motorist coverage in the same policy from bodily injury caused by the negligence of uninsured motorists.
Id. at 232. Thus, the words "persons insured" as used in the uninsured motorist statute are the same persons who are insured under the liability policy required by the financial responsibility law.[1]
Since our decision in Mullis, the courts have consistently followed the principle that if the liability portions of an insurance policy would be applicable to a particular accident, the uninsured motorist provisions would likewise be applicable; whereas, if the liability provisions did not apply to a given accident, the uninsured motorist provisions of that policy would also not apply (except with respect to occupants of the insured automobile). E.g., Auto-Owners Ins. Co. v. Queen, 468 So.2d 498 (Fla. 5th DCA 1985); Auto-Owners Ins. Co. v. Bennett, 466 So.2d 242 (Fla. 2d DCA 1984); France v. Liberty Mut. Ins. Co., 380 So.2d 1155 (Fla. 3d DCA 1980).
The decedent, Christopher Manniel, was not a resident relative of Clyde Manniel at the time of the accident. He was a passenger in an uninsured vehicle of a friend who was not utilizing an auto covered by Clyde Manniel's insurance policy. Because the liability coverage of Clyde Manniel would not apply to the accident, Clyde Manniel is not entitled to claim uninsured motorist coverage for Christopher's death.
No one disputes that if Christopher Manniel had lived he could not have recovered for his injuries under his father's uninsured motorist coverage. The court below nevertheless upheld the recovery now that Christopher has died by mistakenly focusing on the fact that Christopher's father, Clyde, was an insured under his uninsured motorist policy. The proper focus should be whether the person insured in the uninsured motorist policy suffered bodily injuries or, to put it another way, whether the person who suffered bodily injuries had uninsured motorist coverage. Clyde has a *411 claim under the Wrongful Death Act only as a survivor, not because he was injured.
While the Wrongful Death Act creates independent claims for the survivors, these claims are also derivative in the sense that they are dependent upon a wrong committed upon another person. No Florida decision has allowed a survivor to recover under the wrongful death statute where the decedent could not have recovered. Thus, in Hoffman v. Jones, 280 So.2d 431 (Fla. 1973), this Court held that a survivor's claim is reduced by the comparative negligence of the decedent. Likewise, a prior judgment for personal injuries will bar a cause of action for wrongful death brought when the injured party subsequently dies. Variety Children's Hosp. v. Perkins, 445 So.2d 1010 (Fla. 1983).
The cases of Davis v. United States Fidelity & Guaranty Co., 172 So.2d 485 (Fla. 1st DCA 1965), and Zeagler v. Commercial Union Insurance Co., 166 So.2d 616 (Fla. 3d DCA 1964), cert. discharged, 172 So.2d 450 (Fla. 1965), relied upon by the court below, did not decide the issue involved in the instant case. In both of these cases, the person injured in the accident who subsequently died was an insured under the uninsured motorist policy. The issue in those cases was whether the widow, who was entitled to sue under the wrongful death statute, could recover under the policy in place of the decedent's personal representative. Uninsured motorist policies are now written to allow survivors to recover consequential damages under the wrongful death statute when the decedent was an insured.
The weight of authority in other jurisdictions also holds that a survivor in a wrongful death claim does not have a claim against the survivor's own uninsured motorist carrier when the person who suffered the bodily injury (the decedent) was not an insured under the policy. State Farm Mut. Ins. Co. v. Wainscott, 439 F. Supp. 840 (D.Alaska 1977); Smith v. Royal Ins. Co. of America, 186 Cal. App.3d 239, 230 Cal. Rptr. 495 (Ct.App. 1986); Spurlock v. Prudential Ins. Co., 448 So.2d 218 (La. Ct. App. 1984); Lafleur v. Fidelity & Casualty Co., 385 So.2d 1241 (La. Ct. App.), writ refused, 392 So.2d 684 (La. 1980); Gillespie v. Southern Farm Bureau Casualty Ins. Co., 343 So.2d 467 (Miss. 1977); see also Bakken v. State Farm Mut. Auto. Ins. Co., 139 Ariz. 296, 678 P.2d 481 (Ct. App. 1983); 1 A. Widiss, Uninsured and Underinsured Motorist Insurance §§ 2.8, 4.27, 6.1 (2d ed. Supp. 1990); 12A G. Couch, Cyclopedia of Insurance Law § 45:634 (2d ed. 1981) ("[a]n insured or an insured vehicle must be involved in the accident in order to collect under the UM endorsement"). But see State Farm Mut. Auto. Ins. Co. v. Selders, 187 Neb. 342, 190 N.W.2d 789 (1971); Sexton v. State Farm Mut. Auto. Ins. Co., 69 Ohio St.2d 431, 433 N.E.2d 555 (1982).
Ever since its publication, the Mullis opinion has been the polestar in determining the extent to which the state requires uninsured motorist coverage to be provided.[2]Mullis specifically holds that the statute requires only that uninsured motorist coverage must be provided to those covered for liability. The statute does not require coverage for anyone who may be entitled to recover consequential damages as a survivor under the wrongful death statute when the decedent himself had neither liability nor uninsured motorist coverage under the policy.
We quash the decision of the district court of appeal. We also disapprove United States Fidelity & Guaranty Co. v. Fitzgerald, 521 So.2d 122 (Fla. 4th DCA 1987), which followed the rationale of the court below.
It is so ordered.
OVERTON, McDONALD and EHRLICH, JJ., concur.
SHAW, C.J., dissents with an opinion, in which BARKETT and KOGAN, JJ., concur.
KOGAN, J., dissents with an opinion, in which SHAW, C.J., and BARKETT, J., concur.
*412 SHAW, Chief Justice, dissenting.
The present ruling will deprive insureds of benefits they have paid for. The relevant portion of the uninsured motorist (UM) statute flatly states that all auto liability insurance must provide coverage for "the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles." § 627.727(1), Fla. Stat. (Supp. 1984) (emphasis added). In the instant case, the father, who was insured, was legally entitled to seek recovery of damages from the uninsured motorist for the wrongful death of his son; he therefore had a viable claim against his carrier. The language of the statute is simple and straightforward and as this Court has noted:
The plain meaning of statutory language is the first consideration of statutory construction. Only when a statute is of doubtful meaning should matters extrinsic to the statute be considered in construing the language employed by the legislature.
Shelby Mut. Ins. Co. v. Smith, 556 So.2d 393, 395 (Fla. 1990) (Grimes, J.) (citations omitted). The purpose of the statute is equally simple and straightforward: "to allow the insured the same recovery which would have been available to him had the tort-feasor been insured." Dewberry v. Auto-Owners Ins. Co., 363 So.2d 1077, 1081 (Fla. 1978).
This analysis fits our holding in Mullis v. State Farm Mutual Automobile Insurance Co., 252 So.2d 229 (Fla. 1971), far better than the analysis of the majority does. In Mullis, we held that "uninsured motorist coverage ... is statutorily intended to provide the reciprocal or mutual equivalent of automobile liability coverage." Id. at 237-38. In other words, if a person is covered for liability purposes, he also is covered for UM purposes. In the instant case, the majority says that because the son is not covered for liability, his death is not covered under the UM provision. With all due respect, the majority is mixing apples with oranges; the present case has absolutely nothing to do with the rights or obligations of the son. It is the father who is claiming coverage, not the son's estate. The heart of the claim, very simply, is the independent injury sustained by the father, which just so happens to have been caused (allegedly) by the negligent death of his son. The father unquestionably is covered for liability; he thus should be covered for UM purposes. By misplacing the focus on the son, the majority has rendered a tortuous reading of Mullis[3] and has needlessly muddied that case's bright line test  a test that has been so useful for so many years. I would dismiss the petition for review, ruling that no conflict with Mullis exists. I would let stand Judge Sharp's eminently sensible majority opinion below.
BARKETT and KOGAN, JJ., concur.
KOGAN, Justice, dissenting.
Section 627.727(1), Florida Statutes, provides in pertinent part:
No motor vehicle liability insurance policy shall be delivered or issued for delivery in this state with respect to any specifically insured or identified motor vehicle registered or principally garaged in this state unless uninsured motor vehicle coverage is provided therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom.
*413 In this case, Clyde Manniel is a "person insured" who is "legally entitled to recover damages from owners or operators of uninsured motors vehicles because of death" for the wrongful death of his son, Christopher Manniel.
As the majority points out, no one argues that had Christopher lived he could not have recovered for his injuries under his father's uninsured motorist coverage. However, there is no question that Christopher could seek recovery for the injuries he sustained. The only question is whether there was insurance coverage to pay the damages awarded. Although Christopher would have recovered for his injuries had he lived, he would not have been paid under his father's uninsured motorist coverage. Nevertheless, Christopher's father Clyde, under his legitimate claim[4] for damages under Florida's wrongful death act, has suffered damages due to Christopher's death that were caused by the negligence of an uninsured motorist. Therefore, according to the provisions of section 627.727(1), Clyde is legally entitled to recover such damages from his uninsured motorist coverage.
Mullis clearly supports this proposition notwithstanding any discussion in that case concerning the residence of the injured person. There was no issue presented in Mullis requiring a determination of whether the uninsured motorist provisions of Mullis' automobile liability policy applied to relatives of Mullis residing in his household. The only question addressed was whether a provision in Shelby Mullis' automobile liability policy that excluded uninsured motorist coverage under certain circumstances was contrary to Florida's uninsured motorist statute. In essence, the provision in question excluded coverage for members of the Mullis family household if the bodily injury caused by the negligence of an uninsured motorist occurred in a vehicle owned by Mullis or a member of his household who was not covered by the policy issued to him. The Court concluded that this policy exclusion could not be permitted to limit the statute's purpose of creating a "broad protection" for insureds against the negligence of uninsured motorists. Salas v. Liberty Mut. Ins. Co., 272 So.2d 1, 4 (Fla. 1972).
Florida courts have refused to allow insurance companies to include in automobile liability policies provisions for uninsured motorist insurance that attempt to restrict or limit the circumstances under which uninsured motorist coverage will apply. When such language has been included in these policies, the provisions have been disregarded and held void and against public policy. Salas, 272 So.2d at 5; Davis v. United States Fidelity & Guar. Co., 172 So.2d 485, 486 (Fla. 1st DCA 1965).
The exclusion at issue in Webster imposes a limitation on the applicability of uninsured motorist coverage similar to limitations disallowed in other cases. Moreover, as the Webster court noted, the language contained in section 627.727(1) does not limit recovery from uninsured motorist insurance for wrongful death only to damages arising form the death of an insured or covered person. The statute as phrased expresses no such limitation. Thus, in view of the uninsured motorist statute's purpose to provide a broad protection for insureds, it is reasonable to conclude that the statute encompasses recovery for any damages for which a tortfeasor would be legally responsible to that insured. See Brown v. Progressive Mutual Insurance Co., 249 So.2d 429 (Fla. 1971) (purpose of uninsured motorist statute is to protect persons injured or damaged by uninsured motorists); State Farm Mutual Automobile Insurance Co. v. Diem, 358 So.2d 39 (Fla. 3d DCA 1978) (purpose of uninsured motorist statute is to protect persons injured or damaged by motorist who cannot make insured whole, as opposed to protecting insurance carrier or uninsured motorist). In Mullis, the Court did not allow the uninsured motorist statute "to be `whittled *414 away' by exclusions and exceptions." Mullis, 252 So.2d at 238. Nor should we.
SHAW, C.J., and BARKETT, J., concur.
NOTES
[1] Mullis v. State Farm Mutual Automobile Insurance Co., 252 So.2d 229 (Fla. 1971), goes on to explain that uninsured motorist coverage also includes a category of persons who occupy the insured automobile. However, this discussion is not relevant to the instant case because the insured automobile was not involved in the accident which killed Christopher Manniel.
[2] To date, this case has been cited by Florida courts a total of 141 times.
[3] The majority claims that Mullis v. State Farm Mutual Automobile Insurance Co., 252 So.2d 229 (Fla. 1971), and subsequent cases "follow the principle" that uninsured motorist (UM) coverage is unavailable if the corresponding liability coverage is inapplicable to a particular accident. This principle, however, is wholly unmentioned in Mullis and in each of the cases cited by the majority for support. Quite the contrary, all of these cases apply an analysis that focuses exclusively on the injured individual rather than the accident; they rule simply and clearly that UM coverage is unavailable if liability coverage is inapplicable to a particular individual. The majority, unsupported by caselaw, broadens the exclusion from the "individual" to the "accident," apparently in order to embrace the facts of the present case.
[4] No one questions that Clyde Manniel can recover damages for the death of his son under Florida's wrongful death act.