569 So.2d 827 (1990)
June B. ELLIS, Etc., Appellant,
v.
HUMANA OF FLORIDA, INC., Etc., et al., Appellees.
No. 89-2079.
District Court of Appeal of Florida, Fifth District.
November 1, 1990.
Kimberly Sands, Daytona Beach, for appellant.
Lora A. Dunlap, Tracy Troutman Cheek and Gary H. Rushmer of Fisher, Rushmer, Werrenrath, Keiner, Wack & Dickson, P.A., Orlando, for appellee James L. Bolen, M.D.
*828 J. Charles Ingram of Hannah, Marsee, Beik & Voght, Orlando, for appellee Humana of Florida, Inc.
HARRIS, Judge.
June Ellis, as Personal Representative of the Estate of Harry L. Ellis, Jr., (appellant) sued James L. Bolen, M.D. and Humana of Florida, Inc. seeking damages for the wrongful death of her husband on behalf of the estate, herself, her eighteen year old daughter, Leslie, and her son, Harry Lee Ellis III, born six weeks after his father's death. The trial court entered a partial summary judgment disallowing the claim of Harry Lee Ellis III holding that he was not a "minor child" or "survivor" under the Florida Wrongful Death Act.
The issue simply put is what rights does an unborn child (appellant's terminology) or unborn fetus (appellees' terminology) have under the wrongful death statute when its father is wrongfully killed shortly before its birth? The answer requires a determination of legislative intent.
Appellees urge that had the legislature intended to include protection for this potential heir,[1] it would have specifically included fetus in the definition of "survivor" or "minor child". They urge that we hold the wrongful death act, since it is in derogation of the common law, to a strict interpretation. However the act requires that it be "liberally construed," in order to achieve its remedial goal of shifting the survivors' loss to the wrongdoers.[2]
Appellees cite cases which hold that parents may not sue because of the "wrongful death" of a stillborn fetus. Stern v. Miller, 348 So.2d 303 (Fla. 1977); Stokes v. Liberty Mutual Insurance Company, 213 So.2d 695 (Fla. 1968). See also Henderson v. North, 545 So.2d 486 (Fla. 1st DCA 1989). It is true that Stokes holds that a stillborn fetus is not a "minor child" under the wrongful death act which would permit it to be the subject of a wrongful death action. Stern agrees, albeit reluctantly, with the Stokes holding. But neither case holds that a fetus at the time of the wrongful death of its father but a born, living minor child at the time the action is brought does not come within the intended protection of the act. The purpose of the act after all is to substitute the financial resources of the wrongdoer for the resources of the decedent to meet the financial obligations of the decedent. And while the decedent had no direct obligation of child support before the birth of the child, this inchoate obligation created at fertilization springs forth into full life upon the birth of the newborn child.
In McNamara v. Seibert, 537 So.2d 1009 (Fla. 5th DCA 1989), rev'd on other grounds 566 So.2d 767 (Fla. 1990) we held:
[The unborn child] was an insured within the meaning of the policy, and has uninsured/underinsured motorist coverage as a "survivor" for the wrongful death of her father caused by the wrongful acts of the underinsured motorist.
McNamara at 1010.[3] The Supreme Court reversed McNamara not because the posthumous child had no standing under the Wrongful Death Act (an issue not specifically before the court) but rather because the decedent father was not covered by the insurance policy.
It seems more consistent with the legislative intent to hold that the minor child of the decedent (even if unborn at the time of decedent's death) is a survivor under the act. The rights of such child, inchoate at the time of the wrongful death, become fully vested upon the occurrence of its live birth. This holding seems consistent with the reasoning in Rahn v. AMP, Inc., 447 So.2d 929 (Fla. 3rd DCA 1984) (an action *829 for wrongful death brought by a posthumous child must be brought within two years from the death of the decedent not from the birth of the child) and Whitefield v. Kainer, 369 So.2d 684 (Fla. 4th DCA 1979) (a posthumous illegitimate child is not a "survivor" under the wrongful death act unless the father has recognized responsibility for the child's support).
We therefore hold that a posthumous child is a "survivor" of its father (or mother if the child survives the death of the mother) under the Florida Wrongful Death Act.
REVERSED and REMANDED for further proceedings.
PETERSON and GRIFFIN, JJ., concur.
NOTES
[1] Both sides agree that an unborn fetus or child, is a potential heir. Since it is unnecessary to determine when life begins under a Roe v. Wade analysis in order to resolve the issue before us, we will use this neutral term. See Roe v. Wade, 410 U.S. 959, 93 S.Ct. 1409, 35 L.Ed.2d 694 (1973).
[2] § 768.17, Fla. Stat. (1987).
[3] In McNamara this court upheld the trial court's finding (although not set forth in the opinion):

[A] fetus that is unborn at the time of its father's death has a right to recover under Florida's Wrongful Death Act ...