620 So.2d 161 (1993)
SAFECARE HEALTH CORPORATION, Petitioner,
v.
Judith RIMER, etc., Respondent.
No. 78368.
Supreme Court of Florida.
May 6, 1993.
Rehearing Denied June 23, 1993.
*162 Ricki Lewis Tannen of Klein & Tannen, P.A., Hollywood, for petitioner.
Thomas D. Lardin of Thomas D. Lardin, P.A., Fort Lauderdale, for respondent.
HARDING, Justice.
We have for review Rimer v. Safecare Health Corp., 591 So.2d 232 (Fla. 4th DCA 1991), in which the Fourth District Court of Appeal certified the following questions of great public importance:
IS AN ACTION FOR WRONGFUL DEATH AGAINST A JOINT TORTFEASOR BARRED BY A PRIOR SETTLEMENT OF A CLAIM FOR PERSONAL INJURIES AGAINST ANOTHER TORTFEASOR?
IS THE TORTFEASOR INVOLVED IN THE WRONGFUL DEATH ACTION ENTITLED TO A SET-OFF FOR A SETTLEMENT MADE WITH A JOINT TORTFEASOR IN A PERSONAL INJURY ACTION SETTLED PRIOR TO THE CLAIMANT'S DEATH?
Id. at 235. We have jurisdiction based on article V, section 3(b)(4) of the Florida Constitution. We answer both questions in the negative, and we approve the decision below.
Gretel Loeb filed a personal injury action against joint-tortfeasors Dr. Donald C. Howard and Safecare Health Corporation (Safecare) alleging liability based on Howard's neglect in failing to diagnose that Loeb had stomach cancer, as well as an independent claim against Safecare unrelated to Howard's neglect. In September 1989, Loeb settled her claim against Howard and his medical malpractice insurer for $150,000. The settlement released Howard, but specifically excluded Safecare from its terms. Shortly after the settlement, Loeb died. Judith Rimer, as a special administrator for Loeb's estate, amended the original complaint to seek wrongful death damages against Safecare.[1] Safecare filed a motion for summary judgment *163 claiming: (1) exoneration from liability based upon the legal effect of the Howard release; and (2) entitlement to a set-off for the Howard settlement. The trial court denied summary judgment as to the legal effect of the release, but granted it as to the set-off issue. This resulted in a judgment for Safecare, because Rimer stipulated that the amount of damages did not exceed the amount received from Howard. On appeal, the Fourth District Court of Appeal upheld the trial court's ruling that Loeb's settlement did not release Safecare, but reversed the trial court's holding that allowed Safecare to set-off the amount of Howard's settlement. The district court certified the questions for review, and we accepted jurisdiction.
On review, Safecare argues that the district court's holding conflicts with this Court's decision in Variety Children's Hospital v. Perkins, 445 So.2d 1010 (Fla. 1983), where this Court held "that the judgment for personal injuries rendered in favor of the injured party while living barred the subsequent wrongful death action based on the same tortious conduct." Id. at 1011. Safecare contends that the district court is allowing Rimer to proceed with a wrongful death action that is based on the same tortious conduct that gave rise to Howard's settlement with Loeb. Safecare further argues that the district court's holding is based on the false premise that a wrongful death action is a separate and distinct action, rather than derivative of the injured party's right to recover. In support, Safecare points to Valiant Insurance Co. v. Webster, 567 So.2d 408 (Fla. 1990), where this Court stated:
While the Wrongful Death Act creates independent claims for the survivors, these claims are also derivative in the sense that they are dependent upon a wrong committed upon another person. No Florida decision has allowed a survivor to recover under the wrongful death statute where the decedent could not have recovered.
Id. at 411. Thus, Safecare concludes that: (1) Rimer's wrongful death action is barred by Loeb's settlement with Howard; and (2) if the wrongful death action is permissible, then a set-off is required.
We disagree with Safecare and find the district court's rationale and holding correct. First, the district court correctly found that sections 768.041[2] and 768.31(5),[3] Florida Statutes (1989), provide that a jointtortfeasor is not released by the execution of a release in favor of another tortfeasor. Further, as the district court noted, the terms of Loeb's release of Howard also expressly provided that the settlement did not release Safecare. Second, the facts in Variety are distinguishable from the instant case. In Variety, a father brought an action against a hospital for the wrongful death of his son. The son, however, had already prevailed against the same hospital for an earlier personal injury action for the same tortious conduct. Unlike Variety, the instant case involves two joint-tortfeasors charged with independent acts of negligence, and only one of the tortfeasors *164 reached a settlement with the injured party before death. As the district court noted, Loeb's death extinguished her personal injury action; however, because she had not resolved her claim against Safecare, Loeb's survivors are entitled to bring a wrongful death action.
We reject Safecare's argument that the district court's decision conflicts with Valiant. In Valiant, a father filed a wrongful death claim under his standard automobile liability policy to recover uninsured motorist benefits for the death of his son, who died because of a negligent uninsured motorist. At the time of the son's death, the son did not reside with the father. Further, both the father and the insurance company agreed that had the son lived, the son could not have recovered under the father's uninsured motorist coverage policy. This Court held that the uninsured motorist coverage statute did not "require coverage for anyone who may be entitled to recover consequential damages as a survivor under the wrongful death statute when the decedent himself had neither liability nor uninsured motorist coverage under the policy." Valiant, 567 So.2d at 411. Valiant recognized that a wrongful death action is derivative to the extent that the action is "dependent upon a wrong committed upon another person." Id. In the instant case, the deceased had a viable claim against Safecare that had not been resolved at the time of her death; therefore, Rimer is not barred from bringing a wrongful death action. Moreover, as the district court pointed out, the wrongful death action in the instant case is not subject to a set-off because it involves different rights of recovery and damages from those involved in Loeb's personal injury action.[4]
We find that the district court correctly reversed the trial court's holding allowing Safecare to set-off the amount of Loeb's settlement with Howard. Accordingly, we answer the certified questions in the negative and approve the well-reasoned decision below.
It is so ordered.
BARKETT, C.J., and SHAW and KOGAN, JJ., concur.
McDONALD, J., dissents with an opinion, in which OVERTON and GRIMES, JJ., concur.
McDONALD, Justice, dissenting.
I would hold that Safecare is entitled to a set-off in the amount paid for the Howard release. In Variety Children's Hospital v. Perkins, 445 So.2d 1010 (Fla. 1983), we held that a settlement made in favor of an injured party precluded a separate action by the estate of that injured party. Thus, it is clear that after Loeb settled with Howard her estate had no cause of action against Howard.
At common law and before the enactment of statutes to the contrary, a release of one joint tortfeasor released the other, Louisville & N.R. Co. v. Allen, 67 Fla. 257, 65 So. 8 (1914). If the injured party has been paid and by operation of law both tortfeasors have been released, under our rationale in Variety it would necessarily follow that the estate would have had no cause of action against a joint tortfeasor. Subsection 768.31(5)(a), Florida Statutes (1989), modified the rule that the release of one tortfeasor released the other and in its stead allowed a set-off in the amount paid by the settling tortfeasor when the second tortfeasor was sued. Clearly, if Loeb had not died Safecare would have been entitled to the set-off in Loeb's action. The estate should not be insulated from the same rule of law because it can stand in no greater legal position than the injured party who has already been compensated.
I would also observe, as Justice Ehrlich did in Variety, that a wrongful death action is remedial and designed to fill a void in the common law, not to aggregate with all other causes of action already existing *165 under the common law. I would further note that the value of Loeb's estate has already been enhanced by the lifetime settlement with Loeb. To disregard this fact and not consider it as a set-off would allow double recovery for the same injury.
I dissent.
OVERTON and GRIMES, JJ., concur.
NOTES
[1] The Wrongful Death Act is contained in sections 768.16-.27, Florida Statutes (1989).
[2] Section 768.041, Florida Statutes (1989), reads in part:

(1) A release or covenant not to sue as to one tortfeasor for property damage to, personal injury of, or the wrongful death of any person shall not operate to release or discharge the liability of any other tortfeasor who may be liable for the same tort or death.
(2) At trial, if any defendant shows the court that the plaintiff, or any person lawfully on his behalf, has delivered a release or covenant not to sue to any person, firm, or corporation in partial satisfaction of the damages sued for, the court shall set off this amount from the amount of any judgment to which the plaintiff would be otherwise entitled at the time of rendering judgment and enter judgment accordingly.
[3] Section 768.31(5), Florida Statutes (1989), reads in part:

When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:
(a) It does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide, but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and,
(b) It discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor.
[4] A wrongful death action concerns the right of statutory beneficiaries to recover for loss of support, companionship, lost earnings and other damages. § 768.21, Fla. Stat. (1989). In contrast, a personal injury action concerns the right of the injured party to recover for injuries and losses resulting from the injury.