319 So.2d 152 (1975)
Julia R. BIONDINO, Appellant,
v.
SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY, Appellee.
No. 74-1429.
District Court of Appeal of Florida, Second District.
September 19, 1975.
*153 David A. Maney, of Gordon & Maney, Tampa, for appellant.
Edward M. Waller, Jr., of Fowler, White, Gillen, Boggs, Villareal & Banker, Tampa, for appellee.
SCHEB, Judge.
Appellant, Julia R. Biondino, sued the appellee insuror for damages for loss of consortium because of injuries received by her husband, sustained as a result of an automobile accident with an uninsured motorist. Appellant was the insured under a policy issued by appellee which afforded uninsured motorist protection of $10,000 for each person; $20,000 per accident. Appellant's husband carried like coverage. In each instance the spouse of the named insured was an additional insured. Appellee previously paid the appellant's husband $20,000 ($10,000 from uninsured motorist coverage under her own policy and another $10,000 from the same coverage under her husband's policy) and contended such payment exhausted their policy limits. Summary judgment was granted in favor of the appellee insuror; appellant appeals. We affirm.
The Uninsured Motorist Endorsement in the insuring agreement provides:
[T]he company agrees ...:
To pay all sums ... the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called "bodily injury" sustained by the insured, caused by accident and arising out of the ownership maintenance or use of such uninsured automobile; ... (Emphasis supplied)
Appellant correctly points out that in Mobley v. Allstate Ins. Co., Fla.App.2d 1973, 276 So.2d 495, this court interpreted similar language in the insuring clause of an uninsured motorist endorsement to include loss of consortium as an element of damage recoverable by an insured.
Appellant further argues that her claim for loss of consortium must be satisfied beyond the amounts already paid to her husband, because the policy contains no language intended to limit the amounts recoverable for such loss.
However, under "Conditions" the company's limits of liability are stated as follows:
4(b) The limit of liability as applicable to "each person" is the limit of the Company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by one person as the result of any one accident and, subject to the above provisions respecting each person, the limit of liability as applicable to "each accident" is the total limit of the Company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by two or more persons as a result of any one accident. (Emphasis supplied)
*154 In New Amsterdam Casualty Co. v. Hart, 1943, 153 Fla. 840, 16 So.2d 118, a husband claimed damages for loss of consortium as a result of his wife having been injured by the negligent operation of an automobile owned by Pearl R. Held. There, the insuror paid its limits of liability on behalf of its insured. After paying the $5,000 policy limits for "each person" to Mrs. Hart, the insuror took the position it had no further liability to Mr. Hart, who as husband claimed damages for expenses incurred in treating his wife and for loss of consortium. In New Amsterdam, supra, the "Limits of Liability" clause stipulated:
2. Limits of Liability. (Coverage A) The limit of bodily injury liability stated in the declarations as applicable to "each person" is the limit of the company's liability for all damages, including damages for care and loss of service, arising out of bodily injury, including death at any time resulting therefrom, sustained by one person in any one accident; ...
There the court held that since the bodily injury was sustained by only one person in one accident, the limit of the company's liability under its policy was $5,000 for all damages, whether direct or consequential, arising as a result of that bodily injury.
The only material difference between New Amsterdam and the case sub judice is that here we are dealing with uninsured motorist coverage, the basic purpose of which is to allow recovery by the company's insured to the same extent she would have had it recovered against a motorist who carried liability insurance.[1]Salas v. Liberty Mutual Fire Ins. Co., Fla. 1972, 272 So.2d 1.
Paragraph 4(b) of the policy issued by the appellee is plain and unambiguous. Its clearly intended purpose was to place a "cap" on the insuror's liability. The contract was formulated and, we presume, the policy premium calculated on basis of that maximum underwriting risk. The appellee, having paid its maximum policy limits under each policy in which the appellant is an insured, has discharged its responsibility to appellant under the uninsured motorist provision in the two policies.
Accordingly, the summary judgment in favor of appellee is affirmed.
McNULTY, C.J., and GRIMES, J., concur.
NOTES
[1] To this commonly accepted principle this court in Leatherby Insurace Co. v. Willoughby, Fla.App.2d 1975, 315 So.2d 553, in an opinion by Chief Judge McNulty, recently articulated one exception: an innocent insured under an uninsured motorist provision of a liability policy may recover from his own carrier because of injuries resulting from an intentional injury of an uninsured motorist.