405 So.2d 292 (1981)
FLORIDA INSURANCE GUARANTY ASSOCIATION, Appellant,
v.
James L. COPE, As Personal Representative of the Estate of Anna L. Cope, Deceased, Appellee.
No. 80-2353.
District Court of Appeal of Florida, Second District.
October 30, 1981.
*293 Jeffrey R. Fuller of Williams, Brasfield & Wertz, St. Petersburg, for appellant.
Robert W. Holman of Hammond & Holman, Pinellas Park, for appellee.
SCHEB, Chief Judge.
Appellant, Florida Insurance Guaranty Association (FIGA), contends the trial court erred in holding that multiple claimants can recover the per accident rather than the per person entitlement from their uninsured motorist carrier. We agree.
Anna L. Cope died as a result of injuries received in an automobile accident. She left surviving a husband and two minor children. Appellee, as personal representative, recovered a judgment for $100,000 against the tortfeasors and their respective insurers. Each tortfeasor carried only $10,000 per person, $20,000 per accident liability coverage so appellee filed claims on behalf of decedent's separate statutory beneficiaries against Reserve Insurance Company, the decedent's uninsured motorist carrier, which covered decedent for $10,000 per person, $20,000 per accident. Reserve became insolvent and FIGA was substituted as a party defendant.
Each of the parties moved for summary judgment. Appellee contended that since the decedent had uninsured motorist coverage of $10,000 per person, $20,000 per accident, the multiple claimants who derived their entitlement from the decedent were entitled to recover $20,000. FIGA, on the other hand, argued that the wrongful death claim brought by the personal representative was only one claim. Therefore, FIGA contended that since the per person liability limits of the tortfeasors were not less than the limits under the decedent's uninsured motorist coverage, appellee could not recover from FIGA. The court granted summary judgment awarding appellee $20,000. This appeal ensued.
The Limits of Payment clause in the policy states:
AMOUNTS PAYABLE FOR UNINSURED MOTORISTS LOSSES. Our obligation to pay uninsured motorists' losses is limited to the amounts for each person and each accident stated in the Declarations. The following conditions apply to these limits:
1. The limit stated for any one person is for all damages claimed by anyone for bodily injury[1] or loss of services of one person as a result of one accident. *294 For each such accident, the total limit of our liability stated is for all damages sustained by two or more persons.
In Biondino v. Southern Farm Bureau Casualty Insurance Co., 319 So.2d 152 (Fla. 2d DCA 1975), we held under similar policy language[2] that the amount which a husband could recover for bodily injuries and his wife could recover for loss of consortium was limited to the per person entitlement. We rejected the wife's contention that the per accident limitation should be applied to allow her a separate entitlement as a derivative claimant. In Mackoul v. The Fidelity & Casualty Co. of New York, 402 So.2d 1259 (Fla. 1st DCA, 1981), the First District cited our opinion in Biondino and held that the each person limit of liability under uninsured motorist coverage in that policy[3] provided the total liability of the insurance company for all damages that could be recovered for the death of one person. It specifically rejected the contention that each party who has a claim arising out of the wrongful death of the deceased has a separate entitlement to the extent of the limit of liability for each person. We agree with the result in Mackoul and find, as applied to the facts of the instant case, that appellee is not entitled to recover under the uninsured motorist provision of decedent's policy.
Finally, we reject appellee's assertion that the language included under Coverage, "Under this coverage we will pay damages others may be legally entitled to recover because of bodily injury suffered by an insured," conflicts with the limits of payment provision so as to render the policy provisions ambiguous. We think the quoted provision merely authorizes recovery by derivative claimants and does not expand the stated policy limits available for payment.
Accordingly, we vacate the summary judgment entered in favor of appellee, and direct the trial court to enter summary judgment in favor of appellant.
SCHEB, C.J., and BOARDMAN and CAMPBELL, JJ., concur.
NOTES
[1] Bodily injury is elsewhere defined in the policy as including death.
[2] In Biondino, 319 So.2d at 153, the payment clause in the policy provided:

The limit of liability as applicable to "each person" is the limit of the Company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by one person, as the result of any one accident and, subject to the above provisions respecting each person, the limit of liability as applicable to "each accident" is the total limit of the Company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by two or more persons as a result of any one accident.
[3] In Mackoul, 402 So.2d at 1260, the relevant provision states:

The limit of liability shown in the Declarations for "each person" for Uninsured Motorist Coverage is our maximum limit of liability for all damages for bodily injury sustained by any one person in any one auto accident. Subject to this limit for "each person" the limit of liability shown in the Declarations or in this endorsement for "each accident" for Uninsured Motorists Coverage is our maximum limit of liability for all damages for bodily injury resulting from any one auto accident.
This is the most we will pay regardless of the number of covered persons, claims made, vehicles or premiums shown in the declarations, or vehicles involved in the auto accident.