Loretta F. LUMLEY, et al.,
Plaintiffs-Respondents,

v.

FARMERS INSURANCE COMPANY, INC., Defendant-Appellant.

No. 14319.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 19, 1986.

Motion for Rehearing or to Transfer to Supreme Court Denied Sept. 9, 1986.

Application to Transfer Denied
Oct. 14, 1986.

Leland L. Gannaway, Jay P. Cummings, Gannaway, Fiorella & Cummings, Springfield, for plaintiffs-respondents.

James W. Newberry, Schroff, Glass & Newberry, P.C., Springfield, for defendant-appellant.

C. DAVID DARNOLD, Special Judge.

In a court-tried case judgment was entered for the plaintiffs in the sum of $150,000. All facts but the amount of damages were stipulated to by the parties. Defendant appealed.

This case involves an automobile accident in which Oral G. Lumley died as a direct result of the negligent operation of an uninsured motor vehicle driven by one Joseph L. Bird. At the time of his death, Mr. Lumley owned three vehicles and had for each a policy of automobile insurance issued by defendant-appellant Farmers Insurance Company, Inc., which included uninsured motorist coverage with limits of $25,000 per person, $50,000 per accident.

Plaintiff-respondent Loretta F. Lumley is the surviving spouse of Oral G. Lumley. Plaintiff-respondent Timothy A. Lumley is the surviving unemancipated son of Oral G. Lumley. Both are "insureds" according to the uninsured motorist provisions of the policies issued to Mr. Lumley.

The three policies involved contain the following "limits of liability" provision with respect to their uninsured motorist coverage:

The limits of the Company's liability, unless otherwise stated in the Declarations, shall be the limits of bodily injury liability required by any motor vehicle financial responsibility law of the state, province or territory in which the named insured resides. In the event there is no applicable motor vehicle financial responsibility law, the limit of the Company's liability shall be $5,000 on account of bodily injury sustained by one insured as a result of any one accident and, subject to the above provision respecting one insured, shall be $10,000 on account of bodily injury sustained by two or more insureds as the result of any one accident.

Insurance applies separately to each insured, but the inclusion of more than one

insured shall not increase the limits of the Company's liability.

The applicable motor vehicle financial responsibility law referred to in the policies is § 303.030.5 RSMo Cum.Supp.1984. Therein the limits of liability are stated to be as follows:

... twenty-five thousand dollars because of bodily injury to or death of one person in any one accident and, subject to said limit for one person, to a limit of not less than fifty thousand dollars because of bodily injury to or death of two or more persons in any one accident....

The declaration page of the policies states limits of $25,000 for each person, and $50,000 for each occurrence.

Defendant offered to pay plaintiffs the $25,000 per person limit of coverage available under each of its policies, or a total of $75,000. Plaintiffs refused the offer contending that the $50,000 per accident limit of coverage under each policy is available to them and they seek to recover on that basis in this action.

The only issue on appeal is whether the trial court erred in concluding and adjudicating that plaintiffs Loretta F. Lumley and Timothy A. Lumley are each entitled to recover $25,000 under the uninsured motorist coverage of the three separate policies of automobile insurance issued by defendant to Oral G. Lumley. Appellant contends that a wrongful death gives rise to only one indivisible claim or right of recovery which, according to the terms and provisions of such policies, is subject to the "per person" limit of liability. The respondents state that the court did not err because the uninsured motorist coverage portion of the particular policy is ambiguous as to whether per person or per occurrence coverage applies to a death claim, and that contract law and not the wrongful death statute controls an insured's uninsured motorist claim against its insurer.

Respondents contend that they each have a separate claim and are each an insured under the defendant's policies and are therefore each entitled to recover the $25,000 per person limit of coverage thereun-

der. Appellant does not dispute that the respondents are both insured. Appellant does dispute that the respondents each have a separate claim to which the per accident limits apply. Appellant states that in law respondents have only one claim without regard to the precise language of the policies involved.

■ We believe there are numerous Missouri cases which support the appellant's contention. Missouri's Wrongful Death Statute, § 537.080(3) RSMo Cum.Supp. 1984, predicates recovery on liability to the decedent had he or she lived, and provides that "only one action may be brought under this section against any one defendant for the death of any one person." The courts have long held that it "provides for one indivisible claim for the death of a person which accrues on the date of death." *State ex rel. Kansas City Stock Yards Company of Maine v. Clark*, 536 S.W.2d 142, 145 (Mo. banc 1976). This one indivisible cause of action " 'remains the same whether enforceable by the surviving spouse, by the minor child or children, or by the others named in the statute.' " *Spencer v. Bradley*, 351 S.W.2d 202, 206 (Mo.1961). To the same effect are *Uber v. Mo. Pac. Railroad Co.*, 441 S.W.2d 682, 685 (Mo.1969); *Forsthove v. Hardware Dealers Mutual Fire Ins. Co.*, 416 S.W.2d 208, 218 (Mo.App.1967). We believe from the above line of cases it is clear that there can be only one recovery and one cause of action, regardless of how many claimants are able to join in that one recovery.

■ This leads us to a consideration of the specific language of the appellant's policies and of the Missouri financial responsibility law. All three policies issued by the appellant use identical language. In clear language the policies adopt the limits of liability set out in § 303.030.5, where different amounts are not stated in the declarations. In this particular case the declarations state the statutory amounts of $25,-000 per person, $50,000 per accident. According to § 303.030.5 the per accident limit applies only when there is bodily injury

to or death of two or more persons in any one accident. Here there was only a single death, so the $25,000 limit would apply.

■ Respondents would have this court believe that the liability provisions of the policy are ambiguous. However, we believe that a reading of the policy declaration along with the definitions and part two, being the uninsured motorists part of the policy, does not render the language of the policies ambiguous. It is an accepted rule of construction that all parts of a contract shall be read together and construed as having meaning if that is possible. *Brugioni v. Maryland Casualty Co.*, 382 S.W.2d 707, 712 (Mo.1964). We believe that if the above rule is followed, the only reasonable conclusion is that the declarations are an abbreviated reference to the limits of liability which are defined in the body of the policy. Each of the policies themselves in describing the limit of liability, where there is no financial responsibility law, leaves no doubt as to what the per accident limit means, i.e., $50,000 "on account of bodily injury (defined as including death) sustained by two or more insureds as the result of any one accident", a description which is identical in meaning to that contained in § 303.030.5. There is only one death here, so the per accident limit does not apply.

Respondents place great emphasis on *Cano v. Travelers Ins. Co.*, 656 S.W.2d 266 (Mo. banc 1983). That case involved the question of whether the per person or the per accident uninsured motorist coverage limit of Travelers' policy applied to a husband's bodily injury claim, and the wife's loss of consortium claim arising from the husband's bodily injury. In looking at the specific language of the Travelers' policy, the supreme court found an ambiguity and held that the per accident coverage was available.

We adopt the appellant's view that *Cano* does not apply in this case. First, *Cano* involved distinct and separately assertable

claims. As previously noted, this case does not because only one indivisible claim arises from a wrongful death. Second, the result in *Cano* was produced by an ambiguity in Travelers' policy. Travelers' policy described the limit of liability as being for "all damages because of bodily injury sustained" (ambiguous because "sustained" could modify either "damages" or "bodily injury"). *Id.* at 271. The appellant's policies before this court do not mention "damages" but instead, state a limit "because of bodily injury to or death of" (the words of § 303.030.5).

The ambiguity of the Travelers policy is clearly not found in defendant's policies, even if the language of the policy itself ("on account of bodily injury sustained") rather than that of § 303.030.5 is considered.

Although there are no Missouri cases on point, this court received guidance from two Florida cases involving uninsured motorist limits of liability. There, as here, the courts found that similar wording in the insurance policies was plain and unambiguous and clearly intended to place a "cap" on the insuror's liability wherein the per person limit was held to apply. *Biondino v. Southern Farm Bureau Casualty Ins. Co.*, 319 So.2d 152 (Fla.App.1975); *Mackoul v. Fidelity & Cas. Co. of New York*, 402 So.2d 1259 (Fla.App.1981).

No language could be clearer than the limit of liability stated in the Missouri Motor Vehicle Safety Responsibility Law which is adopted by appellant's policies. Since "death of one person" rather than "death of two or more persons" is involved in this case, the limit of liability under each policy is $25,000 not $50,000. The trial court thus should have awarded a total of $75,000, not $150,000. The judgment is reversed and the cause is remanded for the entry of a new judgment consistent with this opinion.

GREENE, P.J., and REINHARD, Special Judge, concur.