Fannie ADAMS, et al., Respondents,

v.

ALLIED FIDELITY INSURANCE COMPANY, et al., Appellants.

No. WD 39771.

Missouri Court of Appeals, Western District.

May 17, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 28, 1988.

Application to Transfer Denied July 26, 1988.

David R. Buchanan, Richard A. Fierce, Kansas City, for appellants.

John E. Turner, Kansas City, for respondents.

Before SHANGLER, P.J., and LOWENSTEIN and GAITAN, JJ.

LOWENSTEIN, Judge.

 This case involves the policy limit of uninsured motorist coverage in a wrongful death case brought by the respondent's, the victim's widow and four children. By stipulation the facts are: Victoriano Adams was killed in an automobile accident caused by an uninsured motorist. Adams, driving his mother's car, had a policy with the defendant Allied. The policy had limits of $25,000 for each person and $50,000 per accident. Allied became insolvent and the Missouri Insurance Guarantee Association (MIGA) became the proper party and is the appellant in this court. It is agreed the loss to the respondents as result of Adams' death exceeds $50,000. The appellant admits it owes $25,000; the trial court found in favor of respondents for $50,000.

The pertinent policy provisions are as follows:

We will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured vehicle because of bodily injury: 1. Sustained by a covered person; and 2. Caused by an accident.

　　*　　*　　*　　*　　*　　*

The limit of liability shown in the Declarations for "each person" for Uninsured Motorists Coverage is our maximum limit of liability for all damages for bodily injury sustained by any one person in any one accident. Subject to this limit for "each person", the limit of liability shown in the Declarations for "each accident" for Uninsured Motorists Coverage is our maximum limit of liability for all damages for bodily injury resulting from any one accident.

The only issue on appeal is whether the trial court was correct in its legal conclusion the $50,000 limit for "each accident" applied, as opposed to the $25,000 limit for "each person."

The trial court apparently relied on *Cano v. Travelers Insurance Company*, 656 S.W.2d 266 (Mo. banc 1983), where the court, with the same policy language as here as to "each person" and "each accident," found an ambiguity, and the higher limits applicable since the policy would be construed against the insurer who wrote the policy. *Id.* at 270–71. It must be noted however, *Cano* did not involve a wrongful death claim, but a claim by the husband for injuries and also a claim by the wife for loss of consortium. *Id.* at 268.

The ambiguity question does not decide this case involving a wrongful death action under § 537.080, RSMo 1986 which in part states "... only *one* action may be brought under this section against any one defendant for the death of any one person." (Emphasis added).

 The disposition of this case is controlled by *Lumley v. Farmers Insurance Company*, 716 S.W.2d 455 (Mo.App.1986). In *Lumley*, the appeals court reversed the trial court's decision to apply the per occurrence limit to the wrongful death claim made by a surviving spouse and unemancipated son. *Id.* at 458. The court believed that Missouri's Wrongful Death Statute, and Missouri case law made it clear that there could be only one recovery and one cause of action for wrongful death, regardless of how many claimants are able to join in one recovery. *Id.* at 457. Where, as here, one indivisable claim arises from wrongful death, and no distinct and separately assertable claims are involved, the higher per accident limit is not applicable.

The *Lumley* court concluded since there was single death the lower, or per person limit applied, as contrasted with *Cano*, where there were "separately assertable claims." *Id.* at 457–58.

The judgment of the trial court is reversed, the cause is remanded for entry of judgment in favor of the respondents in the total sum of $25,000.