W. SHARP, Judge.
Auto-Owners Insurance Company appeals from a final judgment which awarded De-John $115,000 for his own mental pain and suffering resulting from the wrongful death of his son, fifteen-year-old Rocky Samuel De-John (“Little Rock”). Auto-Owners raises several issues on appeal, only one of which has merit. It argues that the policy issued by it which covered Little Rock as an insured, excluded payment for mental pain and suffering by an uninsured survivor upon the death of an insured. We affirm.
On March 1, 1992, Little Rock was riding his bicycle south on the west side of Beach Street, a two-laned road, in Ormond Beach, Florida. At the same time, a vehicle heading north and driven by Jeffrey O’Dell, was passing a number of cars and motorcycles. O’Dell claimed a motorcycle in the string of vehicles pulled out in front of him. His car swerved to the west side of Beach Street, striking Little Rock. O’Dell conceded he had been consuming alcohol and that he was impaired. The force of the impact was so great that Little Rock’s bicycle ended up suspended on power lines over the sidewalk area, some 22½ feet in the air. Little Rock was killed instantly.
*159 O’Dell’s insurance policy provided a maximum coverage of $10,000.00. Little Rock had lived with his aunt and uncle, William and Tina Sachs, for the previous nine years, and their policy with Auto-Owners contained uninsured motorist coverage, which was available to Little Rock as a resident relative.
DeJohn brought suit under the Wrongful Death Act, section 768.19-768.21, Florida Statutes (1991). Auto-Owners conceded Little Rock was an insured under its policy and it admitted that O’Dell was negligent. It also agreed the policy provided coverage for bodily injury to an insured, and that it provided payment to persons not insureds for limited benefits upon the death of an insured. However, it argues that pain and suffering damages are excluded by the policy language,[1] unless the claimant is also an “insured” (in this case, the uncle or the aunt and not Little Rock’s father) under the policy.
Assuming, arguendo, that the language of the insurance policy excludes coverage for mental pain and suffering of a survivor upon death of an insured, we must determine whether such exclusion violates Florida law. In making this determination, both the uninsured motorist statute and the wrongful death act, must be considered and given equal weight. Davis v. U.S. Fidelity & Guaranty Co. of Baltimore, MD, 172 So.2d 485 (Fla. 1st DCA 1965); Zeagler v. Commercial Union Ins. Co. of New York, 166 So.2d 616 (Fla. 3d DCA 1964), cert. discharged, 172 So.2d 450 (Fla.1965).
Section 627.727,[2] Florida Statutes (1991) requires an insurance carrier to provide uninsured motorist benefits to persons who are insured under the policy. It requires coverage to be provided at the death of the insured, if the insured is legally entitled to recover damages from the tortfeasor. § 627.727, et seq., Fla.Stat. (1991). The purpose of the uninsured motorist law is to provide broad protection for insureds against the negligence of uninsured motorists. Salas v. Liberty Mutual Insurance Co., 272 So.2d 1, 4 (Fla.1972). It is also intended to provide compensation for the innocent victim. Government Employees Insurance Co. v. Taylor, 342 So.2d 547, 548 (Fla. 1st DCA), cert. denied, 353 So.2d 680 (Fla.1977); Lee v. State Farm Mutual Auto Insurance Co., 339 So.2d *160 670, 672 (Fla. 2d DCA 1976), cert. denied, 348 So.2d 954 (Fla.1977). It is to be broadly construed. Weathers v. Mission Insurance Co., 258 So.2d 277 (Fla. 3d DCA 1972). See also Hartford Accident and Indemnity Co. v. Sheffield, 375 So.2d 598, 599 (Fla. 3d DCA 1979).
The Wrongful Death Act gives parents of deceased minor children a right to recover for their mental pain and suffering. It requires that the injured child must have been able to recover damages if death had not ensued. Section 768.19, Florida Statutes (1991) provides that:
When the death of a person is caused by the wrongful act, negligence, default, or breach of contract or warranty of any person, including those occurring on navigable waters, and the event would have entitled the person injured to maintain an action and recover damages if death had not ensued, the person or water craft that would have been liable in damages if death had not ensued shall be liable for damages as specified in this act notwithstanding the death of the person injured, although death was caused under circumstances constituting a felony, (emphasis supplied)
Section 768.21(4) sets forth damages recoverable by survivors and specifically provides that:
The parent of a deceased minor child may also recover for mental pain and suffering from the date of injury. Each parent of an adult child may also recover for mental pain and suffering if there are no other survivors, (emphasis supplied)
Neither statute requires that the survivor’s cause of action mirror that of the deceased, nor do they require the survivor stand in the shoes of the deceased party. The only requirement is that the deceased could have recovered (unspecified) damages had he survived.
Although DeJohn is not an insured under the policy, coverage exists for Little Rock who was an insured. Little Rock could have recovered under the policy, had he lived. DeJohn’s right to receive benefits extended by the policy, after Little Rock’s death, is essentially a derivative claim. Valiant Insurance Co. v. Webster, 567 So.2d 408, 411 (Fla.1990).[3]
Valiant Insurance Co. v. Webster is instructive in this case. There, an insured asserted a claim for uninsured motorist coverage against his own policy for the death of his son, who was not a resident of the father’s household, and thus not an insured.[4] The Florida Supreme Court rejected the father’s argument that since he was named as an insured under the policy, public policy mandated that he be provided uninsured motorist coverage for his survivorship claim.
The court noted that no Florida decision permitted a survivor to recover where the decedent could not have recovered. The crux of the opinion in Valiant is that the survivor could not recover because the decedent could not have recovered, had he lived. This comports with both the uninsured motorist statute and the Wrongful Death Act.
Valiant is the reverse fact pattern to that presented in this case. As the court noted, although the survivor’s suit is an independent claim under the Wrongful Death Act, the claim is also derivative because it is dependent on a wrong committed upon another person. This is materially factually distinguishable from the case sub judice, where Little Rock was an insured. DeJohn’s suit is dependent on and arises from the wrong committed to Little Rock and Little Rock’s status as an insured. Clearly, Little Rock could have recovered damages had he lived.
*161 Based on the foregoing, we conclude that an insurance policy which excludes uninsured motorist coverage for mental pain and suffering of a deceased’s survivor, where the deceased/insured could have recovered damages, violates the uninsured motorist law and the wrongful death act. Florida courts have held that exclusionary uninsured motorist policy language that limits recovery of uninsured motorist/wrongful death coverage defeats the purpose and intent of the law. Davis. When an insurance policy does not conform to the requirements of statutory law, a court must write a provision into the policy to comply with the law, or construe the policy as providing the coverage required by law. United States Fire Ins. Co. v. Van Iderstyne, 347 So.2d 672 (Fla. 4th DCA 1977); Standard Marine Insurance Co. v. Allyn, 333 So.2d 497 (Fla. 1st DCA 1976). This cause is therefore,
AFFIRMED.
GOSHORN and THOMPSON, JJ., concur.

. The relevant portions of the uninsured motorist coverage of the policy provide as follows:
The "Exclusions” portion of the policy provides:
This coverage does not apply (a) to any person injured while occupying or getting in or out of any motor vehicle not owned by that person if the owner has similar coverage which is available to that person; (b) to any person who settles the bodily injury claim without our consent; (c) so as to directly or indirectly benefit an insurer or self-insurer under any workers compensation law; (d) to that part of recoverable damages which represents expenses paid or payable under the Passenger Accident Coverage of the policy or (e) to bodily injury to any person while occupying or getting in or out of a motor vehicle owned by you or a relative living with you unless a premium for this coverage is shown in the Declaration for that motor vehicle.
The section entitled "Limits of Liability” provides:
We will pay up to the limits stated in the Declarations for this coverage. The limits stated for "Each Person” is the most we will pay for all damages, including damages for expenses and care and loss of service, for bodily injury to one person in any one occurrence. We will pay no more than the limit stated for "each occurrence” when two or more persons are injured in the same occurrence. Charging premiums under this policy for more than one automobile does not increase the limit of our liability as stated for "each person” and “each occurrence.” The amount payable under this policy shall be reduced by any amount paid or payable for the same injury under the liability coverage of this policy under any workers compensation law and the amount paid by or on behalf of any person who may be legally responsible, (emphasis added)
And one sentence in the coverage section of the uninsured motorist portion states:
We will also pay damages which another person is legally entitled to recover for care and loss of services of the person injured, (emphasis added)

. That section states:
No motor vehicle liability insurance policy which provides bodily injury liability coverage shall be delivered or issued for delivery in this state with respect to any specifically insured or identified motor vehicle registered or principally garaged in this state unless uninsured motorist vehicle coverage is provided therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motorist vehicles because of bodily injury, sickness or disease, including death resulting therefrom, (emphasis added)

. There, the supreme court stated:
While the Wrongful Death Act creates independent claims for the survivors, these claims are also derivative in the sense that they are dependent upon a wrong committed upon another person, (emphasis supplied)
Valiant at 411.

. A recent Florida Supreme Court case, World Wide Underwriters Insurance Co. v. Welker, 640 So.2d 46 (Fla. 1994), which discusses Valiant, also involves a claim by one who was not a covered insured under his mother’s policy (although he was a resident relative) because he was injured while occupying a truck he owned. The truck was not insured under his mother's policy, and the policy specifically excluded uninsured motorist coverage under these facts.