730 So.2d 782 (1999)
GEICO GENERAL INSURANCE COMPANY, Appellant,
v.
Doris Roberts ARNOLD, as Personal Representative of the Estate of Adam Aaron Arnold, Doris Roberts Arnold, Individually and Richard W. Arnold, individually, Appellees.
No. 98-2464.
District Court of Appeal of Florida, Third District.
March 24, 1999.
Rehearing Denied May 5, 1999.
*783 Kubicki Draper and Angela C. Flowers, Miami, for appellant.
Jeffrey A. Jacobs, for appellees.
Before GERSTEN, GREEN, and FLETCHER, JJ.
PER CURIAM.
The appellant, Geico General Insurance Company ("Geico"), appeals an adverse final summary judgment and contends that the trial court erred in finding that the multiple appellees/claimants could recover the "per accident" rather than the "per person" entitlement under the uninsured motorists section of their policy. We agree and reverse.
On March 14, 1996, Adam Arnold, the minor son of appellees, Doris and Richard Arnold, was riding a moped and was struck by a vehicle driven by Yoandry Noa. Mr. Noa immediately fled the scene of the accident and was an uninsured motorist. Adam was ejected onto the roadway and struck by a second vehicle being driven by yet another uninsured motorist. Adam's injuries from these two accidents resulted in his death. At the time of these accidents, Adam's parents and Adam were insured by Geico under an automobile policy which provided a $100,000 limit for "each person" and a $300,000 limit for "each accident" with regards to uninsured motorist coverage. The policy, however, limited Geico's liability for uninsured motorists coverage under the following relevant definitions and provisions:
`Insured' means: If there is more than one insured, our limits of liability will not be increased.
* * * *
LOSSES WE PAY
Under the Uninsured Motorist Coverage we will pay damages for `bodily injury' caused by accident which the `insured' is legally entitled to recover from the owner or operator of an `uninsured auto' arising out of the ownership, maintenance or use of that auto.
* * * *
LIMIT OF LIABILITY
1. The limit of liability for Uninsured Motorists Coverage stated in the declarations as applicable to "each person" is the limit of our liability for all damages, including those for care or loss of services, due to `bodily injury' sustained by one person as the result of one accident. The most we will pay for all such damages, sustained by one person as the result of one accident, is the sum of the "each person" limits for Uninsured Motorists coverage shown in the declarations.
2. The limit of liability stated in the declarations as applicable to "each accident" is, subject to the above provision respecting each person, the total limit of our liability for all such damages, including damages for care and loss of services, because of bodily injury sustained by two or more persons as the result of one accident. The most we will pay for all such damages, sustained by two or more persons as a result of one accident, is the sum of the "each accident" limits for Uninsured Motorists coverage shown in the declarations.
* * * *
"Bodily injury" means "bodily injury to a person, including resulting sickness, disease or death."

*784 * * * *
When the Arnolds made an uninsured motorist claim under the Geico policy as a result of Adam's injuries, Geico acknowledged their right to recover uninsured motorists benefits to the extent of the $100,000 per person policy limits due to bodily injury. Since it was undisputed that Adam had sustained bodily injury in two separate accidents resulting in his death, Geico paid a total of $200,000 to the Estate of Adam Arnold for the two accidents. The appellees, however, took the position that they were entitled to recover the "each accident" limit of $300,000 for a total of $600,000.
Geico brought this declaratory action seeking a determination that it did not owe policy proceeds in excess of the $200,000 that it had already paid to the estate. The Arnolds counterclaimed, seeking a declaration that they were entitled to recover $600,000 for the "each accident" limit for the two accidents and brought a wrongful death claim as well as a bad faith claim. Both parties moved for summary judgment. The trial court entered summary judgment in favor of the appellees, finding the relevant provisions of Geico's policy to be ambiguous and construing the ambiguities against Geico. This appeal followed.
Contrary to the trial court's finding, we do not find the provisions of Geico's policy regarding uninsured motorists coverage to be ambiguous. The fact that several provisions have to be construed together to ascertain the limitations contained in this policy does not thereby render it ambiguous. See Hess v. Liberty Mut. Ins. Co., 458 So.2d 71, 72 (Fla. 3d DCA 1984); State Farm Fire & Cas. Co. v. Oliveras, 441 So.2d 175, 178 (Fla. 4th DCA 1983). The language of an insurance policy is ambiguous only when it is susceptible to more than one interpretation. See State Farm Fire & Cas. Co. v. Metropolitan Dade County, 639 So.2d 63, 65 (Fla. 3d DCA 1994). The Geico policy clearly provides for uninsured motorists coverage for "bodily injury" to an insured. It is undisputed that Adam was an insured under the policy and was the only person who suffered bodily injury for purposes of the uninsured motorists provision. Geico, however, limited its liability for such injury in the previously cited provisions to the "each person" limitation of $100,000 per accident. "[I]nsurance companies have the same right as individuals to limit their liability and impose conditions upon their obligations." Canal Ins. Co. v. Giesenschlag, 454 So.2d 88, 89 (Fla. 2d DCA 1984) (citation omitted).
The Arnolds argue that the "per person" language portion of the policy does not limit their recovery because under the Florida Wrongful Death Statute, see section 768.21(1), (4), Florida Statute (1995), they have an independent right of recovery for the value of the loss of support and services from Adam and for their own pain and suffering caused by the loss of their minor child. See Walt Disney World Co. v. Goode, 501 So.2d 622, 626 (Fla. 5th DCA 1986); Gross Builders, Inc. v. Powell, 441 So.2d 1142, 1144 (Fla. 2d DCA 1983). Hence, the Arnolds maintain that their claims are not subsumed with the claim of Adam's estate. A survivor's right of recovery under the wrongful death statute, however, is derivative in the sense that it is dependent upon a wrong committed upon another person. See Valiant Ins. Co. v. Webster, 567 So.2d 408, 411 (Fla.1990); see also Auto-Owners Ins. Co. v. DeJohn, 640 So.2d 158, 160 (Fla. 5th DCA 1994) (finding father's right to receive benefits under UM policy after son's death to be a derivative claim).
Contrary to the trial court's finding and the appellees' argument, Florida courts, construing similar policy language, have limited an insurer's total liability for all damages to the "each person" amount for one bodily injury in each accident. See Allstate Ins. Co. v. Clohessy, 12 Fla. L. Weekly Fed. D187, 32 F.Supp.2d 1333 (M.D.Fla.1998) (holding that "Florida courts have uniformly held that loss of consortium and wrongful death survivor actions are subject to the per-person limit of liability"); Jones v. Zagrodnik, 600 So.2d 1265, 1266 (Fla. 5th DCA 1992) (holding that claims of all survivors of accident victim were derivative from victim and fell under per person limit of policy); Florida Ins. Guar. Ass'n, Inc. v. Cole, 573 So.2d 868, 870-71 (Fla. 2d DCA 1990)(holding that multiple survivors suing as a result of death of one person were entitled to only a single claim); *785 Florida Ins. Guar. Ass'n v. Cope, 405 So.2d 292, 294 (Fla. 2d DCA 1981) (holding survivors entitled only to per person coverage since wrongful death claim was only one claim); Mackoul v. Fidelity & Cas. Co. of N.Y., 402 So.2d 1259, 1260 (Fla. 1st DCA 1981) (finding that the limits of liability are not affected by the number of causes of action that might accrue from the bodily injury of a single person); Biondino v. Southern Farm Bureau Cas. Ins. Co., 319 So.2d 152, 154 (Fla. 2d DCA 1975) (finding insurer limited its liability to each person for damages because of bodily injury sustained by one person). In Biondino, the court interpreting an identical limiting clause as in this case, found the policy language "plain and unambiguous" and that the insurer properly capped its liability to the per-person limit. Id. at 154. We agree and find that by the plain and unambiguous terms of Geico's policy, Geico limited its total liability to the appellees for uninsured motorists coverage for bodily injuries sustained by Adam in the two accidents to $200,000. We therefore reverse and remand with instructions that final summary judgment be entered in favor of Geico.
Reversed.