912 So.2d 349 (2005)
Mary LEWIS and Jameslay Dorvilus, etc., Appellants,
v.
ENTERPRISE LEASING CO., Appellee.
No. 3D04-3125.
District Court of Appeal of Florida, Third District.
October 5, 2005.
*350 Joel S. Perwin, for appellants.
Holland & Knight and Lucinda A. Hofmann and Barbara Erich Locke, Miami, for appellee.
Before COPE, C.J., and GERSTEN and ROTHENBERG, JJ.
ROTHENBERG, Judge.
The appellants appeal from a final summary judgment in a declaratory judgment action, declaring that their claim against Enterprise Leasing Co. (Enterprise) for non-economic damages in their pending wrongful death suit is limited to $100,000.00 in the aggregate. We affirm.
Guerda Barthelemy died as the result of an automobile accident with Tatyana Yermak. Enterprise owned the car driven by Ms. Yermak. Ms. Yermak was driving the car with Enterprise's consent, under a lease agreement for a period of less than one year. Ms. Barthelemy's three surviving children, who are the co-personal representatives of the estate of Ms. Barthelemy, brought a wrongful death lawsuit against Enterprise and Ms. Yermak. The co-personal representatives sought a declaratory judgment that section *351 324.021(9)(b)(2), Florida Statutes (2004), entitles them to $300,000.00 because Ms. Barthelemy left three survivors. They moved for summary judgment on the declaratory action and Enterprise cross-moved for summary judgment arguing that the co-personal representatives were limited to $100,000.00. The trial court found in favor of Enterprise, and this appeal follows.
Florida's dangerous instrumentality doctrine imposes strict vicarious liability upon motor vehicle owners when a non-owner, who is driving the vehicle with the owner's permission, negligently causes injury. See Hertz Corp. v. Jackson, 617 So.2d 1051, 1052-53 (Fla.1993). Florida is the only state which imposes strict vicarious liability against innocent motor vehicle owners who entrust their vehicles to another. Id. The legislature enacted section 324.021(9)(b), Florida Statutes, in order to limit such liability and to shift responsibility for damages arising out of motor vehicle accidents from innocent owners and lessors of motor vehicles to those at fault. See Sontay v. Avis Rent-A-Car Sys., Inc., 872 So.2d 316, 319 (Fla. 4th DCA 2004)(quoting Enterprise Leasing Co. S. Cent. v. Hughes, 833 So.2d 832, 839 (Fla. 1st DCA 2002)); see also Fla. H.R. Comm. on Judiciary HB 775 (1999), Staff Analysis (final June 2, 1999) at 21 (stating that the legislative intent of the bill which amended section 324.021 included the goals of reducing payments by innocent third parties and shifting emphasis toward responsibility based upon fault). Section 324.021(9)(b) provides, in part:
The lessor, under an agreement to rent or lease a motor vehicle for a period of less than 1 year, shall be deemed the owner of the motor vehicle for the purpose of determining liability for the operation of the vehicle or the acts of the operator in connection therewith only up to $100,000 per person and up to $300,000 per incident for bodily injury and up to $50,000 for property damage.
The appellants argue that we must interpret "per person" under the statute to mean "per claimant," rather than "per bodily injured person." In support of this argument, the appellants rely on St. Mary's Hospital v. Phillipe, 769 So.2d 961 (Fla.2000), in which the Florida Supreme Court interpreted the $250,000.00 noneconomic damages cap in section 766.207(7)(b), Florida Statutes (2004), one of the arbitration provisions of the Medical Malpractice Act, to apply separately to each wrongful death beneficiary, rather than in the aggregate to all claimants.
However, section 766.207(7)(b) uses different language and serves a different purpose than section 324.021(9)(b), and the two sections are distinguishable. One distinguishing factor is that section 766.207(7)(b) contains an ambiguity not present in section 324.021(9)(b), as it provides for a $250,000.00 maximum per incident, but then describes how damages are to be calculated by referring to a claimant, who is defined as any person who has a cause of action arising from medical negligence. St. Mary's, 769 So.2d at 967-68. Another distinguishing factor is that section 766.207(7)(b), regarding medical malpractice, limits the recovery of noneconomic damages from directly liable defendants while section 324.021(9)(b), regarding the liability of motor vehicle owners, limits the recovery of noneconomic damages from vicariously liable defendants. As noted above, the caps provided in section 324.021(9)(b) limit the vicarious liability of innocent rental car companies and owners. Nothing prevents the injured party from seeking additional damages from the negligent driver as there is no cap on the negligent driver's direct liability. Enterprise Leasing, 833 So.2d at 838. Thus, the limitation of section 324.021(9)(b) is effectively not an absolute bar to recovery beyond *352 the amount of the cap, as the limitation of section 766.207(7)(b) is an absolute bar, because even if a plaintiff cannot recover against a motor vehicle owner, he or she can still recover against the driver. Given these distinctions, the reasoning of St. Mary's does not apply to section 324.021(9)(b).
Instead, case law interpreting the liability limits included in automobile insurance policies provides us with persuasive guidance in interpreting section 324.021(9)(b). In Geico Gen. Ins. v. Arnold, 730 So.2d 782 (Fla. 3d DCA 1999), we interpreted an insurance policy with a limit of $100,000.00 for each person for damages due to bodily injury, and a limit of $300,000.00 for each accident for damages due to bodily injury. As in the instant case, the plaintiffs in Geico argued that the "per person" language of the policy did not limit their recovery because, under the wrongful death statute they had an independent right of recovery for the loss of their child. Id. at 784. However, we noted that only one person suffered bodily injury  the deceased  and while the estate and the survivors suffered a loss, their loss did not arise directly from the accident, but from the loss of the deceased who was killed in the accident, which made their claim derivative in the sense that it was dependent upon a wrong committed upon another person. Id.; see also Jones v. Zagrodnik, 600 So.2d 1265, 1266 (Fla. 5th DCA 1992)("The estate and the survivors suffered loss, not directly from the collision, but from the loss of the deceased who was killed in the accident. All their claims are derivative from the deceased . . . ."); Mackoul v. Fid. & Cas. Co. of N.Y., 402 So.2d 1259 (Fla. 1st DCA 1981)(holding that a contractual $100,000.00 per bodily injured person limitation applied when three parties sought damages from a wrongful death arising out of bodily injuries sustained by one person, explaining that "[t]he limits of liability under the policy are not affected by the number of causes of action that might accrue from the bodily injury of a single person"). Thus, we concluded in Geico that, while there were three plaintiffs (the estate of the deceased and two surviving parents), the insurer's total financial responsibility was limited to $100,000.00 per accident[1] for the one decedent. Geico, 730 So.2d at 784.
In accordance with this case law and the wording of section 324.021(9)(b), we conclude that the "$100,000 per person ... for bodily injury" limitation refers to persons suffering bodily injury rather than persons with claims. To interpret the section otherwise would contravene the legislative intent of reducing the liability of those not at fault.
We recognize that in St. Mary's, involving the interpretation of the noneconomic damages cap in Medical Malpractice Act arbitrations, the Florida Supreme Court indicated that interpreting a noneconomic damages cap to apply to all claimants in the aggregate raises equal protection concerns. St. Mary's, 769 So.2d at 971. The court noted that similarly situated persons are equal under the law and must be treated alike. Id. It explained that interpreting a cap to apply to all claimants in the aggregate creates a difference in treatment between cases where there is one medical malpractice incident and multiple claimants, versus cases where there is one medical malpractice incident and only a single claimant. Id. The difference arises because the multiple claimants would have to divide up the maximum award, while a single claimant would be entitled to the entire maximum award. Id. at 972. Any statute which creates such a *353 disparity, treating one person or group differently than others, must bear some reasonable relationship to a legitimate state objective. Id. at 971; Enterprise Leasing, 833 So.2d at 838-39. We agree with the First District Court of Appeal that the difference in treatment arising under the statute is rationally related to the legitimate legislative purpose of shifting some of the responsibility for damages due to the operation of a motor vehicle from the owner of the vehicle to the operator or lessee of the vehicle. Id. at 839.[2] Therefore, we conclude that the statute permissibly limits recovery to $100,000.00 in the aggregate for all claimants who derive their claims from one person who was bodily injured. Since, in the instant case, the co-personal representatives' claims arise out of one person's bodily injury, the trial court correctly limited their claims to an aggregate of $100,000.00.
Affirmed.
NOTES
[1] In Geico, the deceased was thrown from his moped after being struck by one vehicle and then struck by a second vehicle. This was considered to be two accidents.
[2] Based upon our decision in Budget Rent-A-Car Systems, Inc. v. Bennett, 847 So.2d 579 (Fla. 3d DCA 2003), and on the reasoning set forth in Enterprise Leasing, 833 So.2d 832, we also reject the appellants' other constitutional challenges, which they raise to preserve for potential Supreme Court review.