[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15610
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 25, 2012
JOHN LEY
CLERK

D.C. Docket No. 6:11-cv-00807-GKS-GJK

EDITH SHERMAN,

Plaintiff - Appellant,

versus

TRANSAMERICA LIFE
INSURANCE COMPANY,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 25, 2012)

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Plaintiff Edith Sherman appeals from the district court's order dismissing her complaint in favor of Defendant Transamerica Life Insurance Company. In the complaint, Sherman alleged that Transamerica breached her long term care insurance policy (the "Policy") because even though she selected long term care coverage at her home instead of a facility, the assisted living facility ("ALF") she moved into is her home and her care should therefore be covered under the Policy. Based on the unambiguous language of the Policy, the district court disagreed. On appeal, Sherman argues that the district court erred because the Policy violates Florida law by excluding ALFs from the definition of "home" and by failing to recognize the broad public policy under Florida law in favor of "home health care" being provided by ALFs, and because she is only seeking coverage for her "home care," not for the rent and other non-care charges of the ALF. After thorough review, we affirm.

We review the district court's order granting a motion to dismiss <u>de novo</u>. <u>Redland Co. v. Bank of Am. Corp.</u>, 568 F.3d 1232, 1234 (11th Cir. 2009).

The relevant facts are these. In applying for the Policy, Sherman had the option of choosing from one of three types of policies: (1) "Integrated Facility and Home Care Insurance"; (2) "Facility Only Insurance"; and (3) "Home Care Only Insurance." The "integrated" policy provides coverage whether the insured is receiving care in a nursing home, assisted living facility ("ALF'"), or at home. The

2

"facility only" policy provides coverage in either a nursing home or ALF, and the "home-care only" policy provides coverage only in the insured's own home. Sherman chose to purchase the home-care only policy. On her application, Sherman expressly acknowledged that she was applying for home-care only coverage and that she understood that the "coverage is designed to provide benefits for home health care services and does not provide coverage for confinement in any nursing home or assisted living facility." Where the application required her to provide, in her own handwriting, the reason she was choosing a home care only policy, Sherman wrote that the premiums associated with the policies that cover care in a facility are "too high" for someone at her age.

Sometime after purchasing the Policy, Sherman moved into The Heritage at Lake Forest, an ALF, where she has been receiving care. Sherman sought reimbursement from Transamerica for the "the cost of the 'Home Care'" she has received while living at the facility. Transamerica denied her claim, explaining that the Policy excludes the coverage she seeks. Sherman sued, alleging breach of contract. The district court dismissed the complaint, and this timely appeal follows.

We are unpersuaded by Sherman's claim that Florida law dictates that the definition of "Home" in the Policy must include ALFs. As an initial matter, there is no dispute that the Policy's provisions plainly and unambiguously provide coverage

3

only when the insured resides "at Home," and not when residing at an ALF. The Policy expressly provides that both "home care services" and "home health care services" (the only two services at issue here) must be provided in the insured's "Home" to be covered. The Policy then defines "Home" as "any place where [the insured] reside[s] other than a nursing facility, Alzheimer's facility, Hospital, hospice facility, assisted livingfacility, congregate care or any other similar residential care facility." Thus, the Policy unambiguously excludes ALFs from the definition of "Home" and does not cover expenses incurred while the insured resides in an ALF.[1]

We recognize, as Sherman argues, that under Florida law, applicable statutory regulations surrounding insurance contracts in effect at the time the contract is formed are deemed by law to be incorporated into the contract. Auto-Owners Ins. Co. v. DeJohn, 640 So. 2d 158, 161 (Fla. 5th DCA 1994); see also Fla. Stat.§ 627.418(1) (2003) (providing that any insurance policy that is otherwise valid but contains a provision not in compliance with the requirements of the Insurance Code must be harmonized with the Code). However, as the district court found, none of the statutes or regulations Sherman cites conflicts with the terms of the Policy. Nor, more

---

[1] Not only does the policy expressly exclude the coverage Sherman seeks, but plaintiff expressly acknowledged in her Application, by her initials, the intention to purchase "Home Care Only coverage" that "does not provide coverage for confinement in any . . . assisted living facility." In addition, plaintiff expressly explained in her own handwriting, that she did not purchase a policy type that included facilities coverage because she determined that the premiums for that policy type were "too high."

specifically, do they prohibit an insurance contract from covering health care services provided only at an insured's home, as opposed to a facility. Indeed, Sherman admits in her brief that "the cited statutes may not directly prohibit an insurer from excluding an ALF from the definition of home." Gray Br. at 4. Thus, for example, while Florida Administrative Code § 58A-2.002(7) includes ALFs in the definition of "home," as it is used in Chapter 400, Part IV ("Hospices"), this rule does not prohibit insurance policies from limiting coverage to circumstances where the insured resides outside of such a facility.

Sherman also argues that Florida public policy disfavors limited benefit long-term care policies that exclude ALF coverage, and that the Policy creates disincentives for moving into an ALF. However, the fact that Florida Administrative Code § 69O-157.301-.304 prescribes the maximum rates an insurer may charge for a "home health care only" policy, as opposed to maximum rates for "facility only" or "comprehensive" policies, belies her argument. If a home health care only policy were illegal under Florida law, there would be no reason to prescribe rates separate from those for institution only or comprehensive plans. Thus, as another district court has held in a case very similar to this one, Florida law "goes no further than establishing that assisted living facilities are welcome in Florida, and that the state will establish a set of guidelines to ensure that those facilities are adequate and

desirable to their residents. Nothing in that section declares that the policy issued by the Defendant is illegal, or that Florida law requires that insurers pay for their policyholders' decision to relocate to an assisted living facility." Sawyer v. Transamerica Life Ins. Co., 2010 WL 1372447, at *9 (S.D. Fla. 2010).[2]

Indeed, "Florida's public policy is that contracts, including insurance contracts, must be enforced as written." Id. at *10; see also Excelsior Ins. Co. v. Pomona Park Bar & Package Store, 369 So. 2d 938, 942 (Fla. 1979) (Unless there is a genuine ambiguity, the rules of contract construction do "not allow courts to re-write contracts, add meaning that is not present, or otherwise reach results contrary to the intentions of the parties.") Despite the availability of policies that cover care associated with living in a facility, Sherman knowingly purchased an insurance policy that covers only health care services provided in her home. Sherman has failed to cite

---

[2] As for Sherman's claim that she is not seeking coverage for room and board, but only for the "home care" she receives at the ALF, we are unpersuaded. Because she is not receiving this "home care" at her home, as required by the Policy, she cannot receive coverage under the Policy. Moreover, ALF care is not merely "home care" that is provided in a facility. Rather, the law makes a significant distinction between services provided in an ALF and services provided at home. An ALF is a highly-regulated environment with access to round-the-clock care services, as necessary. See, e.g., Fla. Admin. Code Ch. 58A-5 (discussing inter alia ALF licensing and inspection requirements, residential care standards, staffing standards, food service standards, and physical plant standards, and emergency management). In her home, plaintiff's living arrangements are not regulated by the Department of Elder Affairs, and she had only part-time access to a home health aide on a pre-arranged schedule.

to any law that would justify altering the express language of the Policy to create coverage where none exists.  Accordingly, we affirm.

**AFFIRMED.**